462 P.2d 399

**The STATE of Arizona, Appellee,**
**v.**
**Burton Charles ROOD, Appellant.**
**No. 2 CA–CR 151.**

Court of Appeals of Arizona.
Division 2.
Dec. 15, 1969.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., for appellee.

Clay G. Diamos, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant-appellant, Burton Charles Rood, was informed against for the crime of burglary. The jury found him guilty of second-degree burglary, and judgment of conviction thereon was entered. A sentence of not less than 18 months nor more than three years was imposed and this appeal was taken.

On June 5, 1968, at about 9:00 a. m., Mr. and Mrs. Gray were seated in the dining area of their home. Through the window, they observed a man in an orange t-shirt enter the backyard of their daughter's home across the street. He entered the house. Mr. Gray went over, rapped on the window, but was ignored. The man simply stood by another window, his hand resting on a portable television set. Mr. Gray returned to the front of the house and yelled to his wife to summon the police. The man meanwhile left the house at a fast pace, and Mr. Gray followed, his calls to stop being ignored. He came upon defendant crouched behind a fence behind an apartment complex located just up the street from the daughter's house. Mr. Gray directed the police to him.

Nothing was taken from the house and the back door was unlocked. However, no permission had been given to the defendant to enter the house.

Defendant maintains he was seized at the apartment complex after literally bumping into Mr. Gray, but that it was a case of mistaken identity. He claimed that at no time was he near the daughter's house.

Three contentions are presented on appeal:

(1) An instruction concerning intent by inference was prejudicial error.

(2) There was insufficient evidence presented to the court on which felonious intent could be based.

(3) Failure to provide counsel at the preliminary hearing was a denial of equal protection of the laws under Amendments VI and XIV of the U.S. Constitution.

We consider these contentions *seriatim*.

Defendant contends that the following instruction concerning the inference of an intent to steal was prejudicial error:

"Direct and positive testimony is not necessary to prove intent. It may be inferred from the evidence, if there are any facts proved which satisfy you beyond a reasonable doubt as to its existence. You are instructed that intent to steal may be inferred from breaking and entering a building which contains things of value."

The Arizona burglary statute does not contain the common law requirement of breaking and entering which has been held to be sufficient to infer an intent to commit larceny. 13 Am.Jur.2d Burglary § 52; Ex parte Seyfried, 74 Idaho 467, 264 P.2d 685 (1953). The Arizona statute only requires that a person enter a building with the intent to commit theft or any felony. 5 A.R.S. § 13–302. Both the entry and the intent are essential elements of the crime and either standing alone is not enough. 12 C.J.S. Burglary § 2; 13 Am.Jur.2d Burglary § 24.

The Arizona Supreme Court has held that proof of intent can be shown by circumstantial evidence such as a subsequent criminal act. Gibson v. State, 25 Ariz. 236, 215 P. 729 (1923); State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960). Unexplained possession of recently stolen goods can generate an inference of the requisite felonious intent. However, the question here is whether the unexplained fact of unforcible entry into an unlocked building can generate an inference of intent *to steal*. See, 13 Am.Jur.2d Burglary § 52. We do not believe under the facts of this case that the two-element offense can become a one-element offense by allowing the entry element to generate an inference of the intent element. To do so would be to negate the distinct and separate nature of the two elements and obviate the prosecution's burden of proving both

elements beyond a reasonable doubt. We therefore believe that the breaking and entering rule should not apply to Arizona's statutory crime of burglary under the facts of the instant case. We distinguish this case from those in which the mode of entry is something more suspicious than simply walking into a building through an unlocked door. Surely entry by force or through a window, or by some other surreptitious means might support such an inference and instruction thereon, and in point of information all the cases we have located relying on the breaking and entering inference do contain the additional circumstantial evidence to prove theft, which is totally lacking in the instant case. Ex parte Seyfried, supra; State v. Gatewood, 169 Kan. 679, 221 P.2d 392 (1950); Vickery v. State, 62 Tex.Cr.R. 311, 137 S.W. 687 (1911); People v. Rhodes, 137 Cal.App. 385, 30 P.2d 1026 (1934).

Defendant secondly contends that there was legally insufficient evidence for any reasonable man to find the defendant had the requisite criminal intent to commit theft or a felony.

■ As we have indicated, criminal intent is usually proven by circumstantial evidence, such as proof of a subsequent theft or rape. Gibson v. State, supra. However, a subsequent crime need not occur in order to prove burglary. State v. Hutton, supra. Evidence of burglary tools or a confession, or prior conversations of criminal planning can all support the proof of criminal intent short of a subsequent crime having been committed. Just how little evidence is required as a matter of law is the question here.

■ We reiterate that we have held that the entry in this case alone does not generate an inference of an intent to steal. We also believe that the State must prove that an intent to commit a specific crime existed and not just that there was an intent to commit something, undetermined at the time of entry. We therefore examine the evidence here to see whether there

is legally sufficient evidence to support a conviction of burglary.

The following proof was presented. Defendant entered a house without the owner's permission. He was observed standing by the window with his hand resting on a portable television set. He fled, refused to heed calls to stop, and was found hiding behind a fence by the witness and arresting police officers. He subsequently lied about his presence in the house.

In State v. Ortiz, 9 Ariz.App. 116, 449 P.2d 953 (1969), the police saw an individual loading a truck late at night ten feet from a Bayless store, which subsequently proved to have been burglarized. The individual fled in the truck, but the driver was identified by the officer and picked up several days later, although no loot appeared to have been discovered on him. The court said that suspicious conduct alone was insufficient to sustain a conviction, but that:

"* * * [W]e believe sufficient inferences can be drawn from the totality of circumstances, flight, presence, time and place, and an absence of any rational explanation for the defendant's presence outside the Bayless market at 3 a. m., to support the jury's verdict." 449 P.2d at 956.

The conviction was upheld.

To the contrary is the case of People v. Hutchinson, 50 Ill.App.2d 238, 200 N.E.2d 416 (1964). A man working in his garage saw someone approach the house across the alley, enter, remain a few minutes, and leave. Nothing was taken or disturbed, nor did the man attempt to disguise his presence. The court held the evidence was insufficient to support a conviction.

■ We believe the instant case falls outside the limits of providing sufficient proof that defendant intended to commit theft. Presence in the house, failure to answer calls, flight, and even the lies about his presence, while raising the inference that defendant had a guilty mind about something, still does not tend to show what that something was. The mere fact that

his hand was resting on a television set is not enough to suggest he was there to steal.

The judgment of conviction is reversed with directions that a judgment of acquittal be entered.

HATHAWAY and HOWARD, JJ., concur.