469 P.2d 841

**The STATE of Arizona, Appellee,**

v.

**Miguel Garcia SALCIDO and Michael Espinoza Ferniza, Appellants.**

**No. 2 CA–CR 212.**

Court of Appeals of Arizona, Division 2.

May 25, 1970.

Rehearing Denied June 24, 1970.

Review Denied Sept. 29, 1970.

———————

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Michael M. Moore, Tucson, for appellants.

KRUCKER, Judge.

Defendants, Miguel Salcido and Michael E. Ferniza, were informed against for the crime of burglary. The jury found them guilty and judgment was so entered. Both defendants were sentenced to not more than eight nor less than six years. Defendants now appeal.

Construing the facts in a light most favorable to sustaining the trial court, they are as follows. On March 24, 1969, the pro shop at the El Rio golf course was broken into. At about 2:50 a.m. the silent alarm went off, and the police immediately responded. When they arrived, one officer testified that the headlights from his vehicle outlined two figures coming from the buildings and heading out onto the golf course; a third person followed. The entire area of the golf course is surrounded by a cyclone fence with barbed wire on top, and the police noted that all gates were locked. Four or five police cars were stationed around the outside to prevent anyone's exit. Then some officers proceeded to drive up and down the fairways checking the trees and shrubs. The defendants finally were found in a tree about 75 to 100 yards from the pro shop, directly in the path where the figures had been seen running. One officer testified that defendant Salcido told him that since "they were the cops, they should find the third guy."

At the pro shop there was evidence of forcible entry as shown by photos admitted into evidence. The cash register, which had contained no money, had been opened and papers from one of the compartments were laying on the counter and across the cash drawer. Cupboards were found standing open, but no inventory was found to be missing.

Defendants had been caddies at the course some years previously. They insisted that on the night in question they had been only crossing the course on their way home after an evening out drinking. They said that as soon as they saw the police

they realized that with their past records and being trespassers, they had better hide. Thus, they climbed the tree.

On appeal, defendants present three questions, all essentially relating to the following: Was there legally sufficient evidence presented at trial to support the conviction?

■ The crime of burglary is a two-element offense. A defendant must be shown to have entered a building with the intent to commit a felony or to steal. Failure to prove either element negates a conviction.

In the instant case we believe there was sufficient evidence to show defendants broke into the pro shop with the intent to steal. Defendants cite State v. Rood, 11 Ariz.App. 102, 462 P.2d 399 (1969), as authority for the insufficiency of the evidence here. However, we point out the following.

■ In the instant case there was evidence that the persons who had forcibly entered the premises were interested in items found where valuables are kept and were generally looking for something of value. We believe this is enough evidence from which a jury could infer an intent to steal by the burglar. This was not the case in *Rood,* where nothing inside the house had been touched nor was there any evidence that theft was on defendant's mind.

Also, in the instant case we believe there was sufficient evidence to prove defendants were the burglars in question. They were found exactly where the officers had seen the two persons flee from the buildings involved. They had denied seeing any police prior to their five minutes in the tree, yet the officers had been lighting up the area and searching it for almost an hour. An officer also testified that neither defendant appeared to have been drinking.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.