**UNITED STATES of America**

v.

**James B. SEEGERS, Jr., Appellant.**

**No. 23621.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 26, 1970.

Decided April 26, 1971.

Mr. Roger W. Langsdorf, Washington D. C. (appointed by this court) for appellant.

Mr. Charles F. Flynn, Asst. U. S. Atty. with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Charles R. Work, Asst. U. S. Attys., were on the brief, for appellee. Mr. Julius A. Johnson, Asst. U. S. Atty., also entered an appearance for appellee.

Before McGOWAN, ROBINSON and MacKINNON, Circuit Judges.

MacKINNON, Circuit Judge:

By an indictment filed on March 18, 1969 the grand jury charged:

On or about February 12, 1969, within the District of Columbia, James B. Seegers, Jr. entered the building of John D. Mitchell, *with intent to commit a criminal offense therein.* (Emphasis added.)

Thereby the Government sought to charge appellant Seegers with second degree burglary in violation of D.C.Code § 22–1801(b) which provides:

Except as provided in subsection (a) of this section, whoever shall, either in the night or in the daytime, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building or any apartment or room, whether at the time occupied or not, or any steamboat, canalboat, vessel, or other watercraft, or railroad car or any yard where any lumber, coal, or other goods or chattels are deposited and kept for the purpose of trade, *with intent* to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or *to commit any criminal offense,* shall be guilty of burglary in the second degree. Burglary in the second degree shall be punished by imprisonment for not less than two years nor more than fifteen years.

D.C.Code § 22–1801(b) (Supp. III, 1970) (Emphasis added).

Following a 3-day trial appellant was found guilty as indicted and was sentenced under the Youth Corrections Act (18 U.S.C. § 5010(b)). This same case was previously considered by us in United States v. Seegers, 139 U.S.App.D.C. 335, 433 F.2d 493 (1970).

On this appeal it is contended on behalf of appellant that the trial court erred (1) in refusing to grant his request for an instruction on the lesser included offense of unlawful entry and (2) in instructing the jury, with respect to the intent required for the crime, that it would suffice if they found that he had an intent, *inter alia, to commit any criminal offense in the building.* The indictment was not attacked directly but the error appellant claims was committed by the instruction on intent, since the instruction followed the language of the indictment, is, for all practical purposes, a claim that the indictment properly failed to allege the particular offense of burglary.

■ ■ By our opinion in United States v. Thomas, 144 U.S.App.D.C. ——, 444 F.2d 919 (1971), we have decided that an indictment containing such an allegation of intent is defective to charge the offense of first degree burglary under D.C.Code § 22–1801(a) (Supp. III, 1970).[1] What we said in *Thomas* is equally applicable to the allegation of specific intent in the indictment in this case charging second degree burglary under D.C.Code § 22–1801(b) (Supp. III, 1970). Proper criminal pleading requires that the specific intent required for second degree burglary be charged with such particularity as to designate the specific crime the grand jury had in mind when it charged that the accused intended to commit some offense. And because the specific crime, such as larceny, robbery, rape, arson, murder, assault, etc., was not specified, the judgment of conviction of second degree burglary must be vacated.

■ The Government is, however, entitled to seek another grand jury indictment for such offense. They may well decide to do this for the evidence at trial was, in our opinion, sufficient to support a conviction therefore.[2] Also, as in *Thomas, supra,* we find that the indict-

---

1. Fed.R.Crim.P. 12(b)(2) provides: "[T]he failure of the indictment * * * to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

2. *See* Washington v. United States, 105 U.S.App.D.C. 58, 61, 263 F.2d 742, 745, cert. denied, 359 U.S. 1002, 79 S.Ct. 1142, 3 L.Ed.2d 1032 (1959); Cady v. United States, 54 App.D.C. 10, 293 F. 829 (1923); People v. Fitch, 73 Cal.App.2d

**234**

ment does charge an unlawful entry under D.C.Code § 22–3102,[3] and we also hold that the evidence at trial was sufficient to support a conviction of such offense. Moreover, appellant contended at trial that the court should have granted his request to instruct on unlawful entry as a lesser included offense. We thus remand the case for entry of a judgment of conviction for unlawful entry if the Government does not object and the trial court considers it in the interest of justice to do so.[4] United States v. Comer, 137 U.S.App.D.C. 214, 220–221, 421 F.2d 1149, 1155–1156 (1970). *Compare* Austin v. United States, 127 U.S.App.D.C. 180, 193–194, 382 F.2d 129, 142–143 (1967). If either of these two conditions is not met, the Government may then decide whether it wishes again to submit appellant's case to the grand jury.

It is so ordered.

Fahy, Senior Circuit Judge, concurred and filed opinion.

825, 167 P.2d 211 (1946) ; State v. Woodruff, 208 Iowa 236, 225 N.W. 254 (1929).

3. D.C.Code § 22–3102 (1967) provides:
   Any person who, without lawful authority, shall enter, or attempt to enter, any public or private dwelling, building or other property, or part of such dwelling, building or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful

occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $100 or imprisonment in the jail for not more than six months, or both, in the discretion of the court.

4. *See* United States v. Thomas, 144 U.S. App.D.C. ——, 444 F.2d 919, which states that it will apply prospectively only, except as to the facts there present and to this case which was considered and decided jointly with *Thomas*.