488 P.2d 1006

**The STATE of Arizona, Appellee,**

v.

**Robert Allen FIERRO, Appellant.**

**No. 2 CA–CR 250.**

Court of Appeals of Arizona, Division 2.

Sept. 28, 1971.

Review Denied Dec. 7, 1971.

---

---

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender, by Michael P. Callahan, Chief Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant appeals his conviction before a jury of attempted burglary, second degree.

Two questions are raised by this appeal: (1) Was the evidence sufficient to establish the necessary element of intent, and (2) Were the instructions to the jury adequate to explain felonious behavior of defendant on the premises?

The crime is alleged to have been committed on April 22, 1970. Complaining witness testified that a short time before that date, perhaps a week or so before, while working in her front yard she identified the defendant as driving by her house and staring at her intently. On April 20, two days before the attempted entry, while working in the back yard she saw defendant lurking in the bushes bordering the yard of her home.

On April 22, 1970, at about 2:00 in the afternoon, the witness was taking a nap on the sofa in the family room. She was awakened by the defendant attempting to open the sliding glass door to gain entry into the house. She ran to the bedroom and telephoned the sheriff and a neighbor. After telephoning, she saw the defendant standing in the desert about 500 yards from the house. The defendant told the deputy that he was looking for ground squirrels. The defendant did not take the stand, but his wife testified that he had gone out about 11:00 to look for ground squirrels.

A motion for a directed verdict on the grounds of lack of proof of specific intent to commit burglary was made and denied.

■ Appellant-defendant relies heavily on the recent decision of this court in State v. Rood, 11 Ariz.App. 102, 462 P.2d 399 (1969). In the Rood decision, we held that there was a failure to prove intent to sustain a burglary conviction, stating that intent to commit a specific crime must be shown where there had been an actual entry, but the defendant in that case had taken nothing, and when seen, he was merely standing inside the house. We think that the decision in Rood must be applied to a very specific set of facts. In the instant case, where the charge is attempted burglary, it of course would be impossible to prove the defendant's intention if no entry was made.

■ All of the surrounding facts in the case before us lead to the conclusion that the defendant must have intended to commit a felony if an entry had been accomplished. The driving by the house, the entry into the yard on a prior date two days before the alleged crime, the attempt to force the lock on the sliding glass door, knife marks on the door, can only lead to one conclusion—attempted burglary by the accused. In Rood, the entry was not forced but through an open door. There

 

was no taking and no facts to show any crime *after* entry. Here, we cannot go that far and define any crime as there was no entry.

The thrust of appellant's second question is that the trial court should have instructed the jury as to what constitutes a felony and a definition of the possible crimes that the defendant intended to commit if the entry had been successful. The trial court did instruct the jury as to the elements of burglary, defined burglary, and also told the jury:

> "Unless sufficient intent to commit grand or petty theft or any felony so exists, that crime is not committed."

In an attempted burglary case, where the entry is thwarted, it would be difficult or impossible, and. we think unnecessary, to define crimes which a defendant might have intended to commit if he had succeeded in making entry. Reliance is made upon the case of People v. Failla, 64 Cal.2d 560, 51 Cal.Rptr. 103, 414 P.2d 39 (1966). In the *Failla* case, the defendant had been convicted of five counts of burglary, having entered the apartments of five different female victims "with intent to commit a felony and theft." Details of the specific acts after the entry of the apartments were before the court and jury, and the Supreme Court of California held that there was error in not defining "felony" and advising the jury which acts the defendant, upon entry, may have intended to commit.

In the case before us, there being no entry but only an attempted entry, it would be impossible or highly impractical, for the trial judge to define crimes which a defendant may have intended to commit without any facts on which to predicate the definitions. If an entry had been made and certain acts had been committed, we think it proper under *Failla* for the court to define all acts if they amount to a misdemeanor, a theft, or a felony.

Furthermore, there is no request for the instruction, or objection to the court's not giving, the instruction on what constitutes a felony and under the circumstances of the particular case before us, we believe this constitutes a waiver of any claim and that there was no duty upon the court, *sua sponte,* to define felony under the circumstances of this case.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.