522 P.2d 579

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Flora ROMERO, Defendant-Appellant.**

**No. 9875.**

Supreme Court of New Mexico.

May 17, 1974.

Elvin Kanter, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., George A. Morrison, Special Asst. Atty. Gen., Albuquerque, for plaintiff-appellee.

OPINION

McMANUS, Chief Justice.

Defendant was charged by indictment with murder in the District Court of Bernalillo County but was never arraigned. On four separate occasions she was found incompetent to stand trial, and on four other separate occasions she was found competent to stand trial. On November 16, 1972, after motion by plaintiff and defendant, a non-jury trial was held. Attorney for the defendant stipulated to the prosecution's evidence of defendant's involvement in the alleged murder and waived the issue of defendant's competency to stand trial. On December 4, 1972, the trial court convicted defendant of first degree murder and sentenced her to a term of life imprisonment in the state penitentiary, which sentence was suspended on condition that the defendant enter and remain in the New Mexico State Hospital until further order of the court.

On July 27, 1973, plaintiff properly moved to revoke the order suspending the defendant's sentence on the ground that the court was without discretion to suspend a sentence after conviction of a crime constituting a capital or first-degree felony. § 40A–29–15, N.M.S.A. 1953 (2d Repl. Vol. 6, 1972). At that hearing defendant

moved for a new trial on the ground that her attorney's stipulation to the prosecution's facts and waiver of the issue of competency were the result of a plea bargain which was ultimately dishonored. This motion was denied. On August 9, 1973, the order suspending sentence was revoked and on August 10, 1973, defendant's second motion for a new trial was denied. We hereby reverse the lower court's decision and hold that defendant is entitled to a new trial.

On appeal to this court, defendant raises only two issues. First, the trial court erred in refusing to grant defendant a new trial on grounds that her attorney's stipulation to the prosecution's facts and waiver of the issue of competency were the result of a plea bargain, and, second, the trial court had no jurisdiction to revoke defendant's suspended sentence. Since the appeal will be otherwise disposed of, we deem it unnecessary to consider these issues.

We have carefully considered the record in the case before us and decide that the issue of defendant's competency was never clearly determined or considered. Further, the plea bargaining attempt prevented the defendant from a meaningful trial.

We firmly believe that:

"There exists in every court, * * * an inherent power to see that a man's fundamental rights are protected in every case. Where a man's fundamental rights have been violated, while he may be precluded by the terms of the statute or the rules of appellate procedure from insisting in this court upon relief from the same, this court has the power, in its discretion, to relieve him and to see that injustice is not done." State v. Garcia, 19 N.M. 414, 421, 143 P. 1012, 1014 (1914).

In other words:

"Fundamental error is error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense. Where it appears and justice requires this court will consider it whether or not exceptions are taken in the court below or whether or not it be assigned as error on appeal." State v. Sena, 54 N.M. 213, 218, 219 P.2d 287, 289 (1950).

In addition, the Attorney General in his oral argument in this case, stated: "I just don't see how the State could possibly suffer" from the granting of a new trial to the defendant.

We reverse. It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.