525 P.2d 908

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Victor Marcelino MATA, Defendant-Appellant.**

**No. 1323.**

Court of Appeals of New Mexico.

July 10, 1974.

Certiorari Denied Aug. 14, 1974.

Sutin, J., dissented and filed separate opinion.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Steve Schmidt, Asst. Public Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his convictions of aggravated burglary and aggravated assault. Sections 40A–16–4 and 40A–3–2, N.M.S.A. 1953 (2d Rpl.Vol. 6). The appeal turns on the sufficiency of the evidence. We affirm the aggravated burglary conviction. We reverse the aggravated assault conviction.

Defendant entered the apartment of Mr. and Mrs. Cardona at approximately 5:30 a. m. The entry was made after cutting the screen door with a knife.

Mr. and Mrs. Cardona were in bed, asleep. Mrs. Cardona was nude. She awakened to find defendant sitting on the side of the bed, kissing her lips and fondling her breasts. She was scared; she yelled for her husband.

The husband awakened, saw defendant sitting on the bed and got up "to see who it was." Defendant stood up at the same time with a knife in his hand about waist high. In Spanish, defendant said to Mr. Cardona, " 'Come on. Let's go.' "

Mr. Cardona followed defendant into the kitchen. After entering the kitchen, defendant closed the knife blade and put the knife in his pocket. Defendant kept his hand in his pocket during the conversation that followed.

In the kitchen, both men walked to the front door, and both opened the door at the same time. For 15 or 20 minutes, the two men argued over whether Mr. Cardona had accused defendant and some of his friends of a burglary at the Town House. After dressing, Mrs. Cardona entered the kitchen and heard defendant say he was a detective. She asked for identification. Defendant had none. Mr. Cardona did not believe defendant was a detective and told his wife to telephone the police. Mrs. Cardona telephoned the police; defendant ran out of the apartment.

*Aggravated burglary.*

Section 40A–16–4, supra, defines aggravated burglary. In this case, aggravated burglary must consist of an unauthorized entry, "with intent to commit any felony," when the defendant either is armed with a deadly weapon or commits a battery upon a person after the entry.

The element contested is that of defendant's intent to commit a felony. Defendant claims the evidence is insufficient to show such an intent. We disagree.

In this appeal, the State asserts defendant's intent upon entry was "to scare the dickens out of" the Cardonas. The State makes no effort to show that "scaring" is a crime, much less a felony.

At trial, the prosecutor had two theories as to the felony intended at the time of entry—rape and aggravated assault. The trial court indicated agreement with the defense contention that the evidence was insufficient to show an intent to rape. The trial court asked the prosecutor if he wanted to withdraw rape. The prosecutor stated he would be satisfied with assault.

Thus, the felony intended at entry was limited to an assault. The felony of which the jury was informed was aggravated assault.

The trial court instructed the jury that aggravated assault consisted of unlawfully assaulting another with a deadly weapon. Section 40A–3–2, supra. It defined assault as: "Any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." Section 40A–3–1(B), N.M.S.A.1953 (2d Repl.Vol. 6). It defined battery as the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner. Section 40A–3–4, N.M.S.A.1953 (2d Repl.Vol. 6).

■ Mrs. Cardona did not see the knife, but that is immaterial. Our concern is with defendant's intent upon entry. At the time of his unauthorized entry, defendant was armed with a deadly weapon. His kissing and fondling of Mrs. Cardona was an unlawful act. She was scared. Defendant concedes that his touching of Mrs. Cardona amounted to a battery. Intent may be proven by inference from the facts and circumstances. State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971); State v. Ortega, 79 N.M. 707, 448 P.2d 813 (Ct.App.1968). The evidence is sufficient to establish that defendant's intent upon entry was to commit an aggravated assault.

■ Defendant raises three other issues concerning the aggravated burglary. These issues are directed to the sufficiency of the information to charge the crime and the sufficiency of the instructions defining the crime. None of these issues were raised in the trial court. None amounted to an issue that may be raised for the first time on appeal. They will not be reviewed. See Rule 11 of the Rules Governing Appeals.

*Aggravated assault.*

Defendant was not charged with an aggravated assault upon Mrs. Cardona. The charge was that aggravated assault was committed upon Mr. Cardona.

For there to be an aggravated assault there must first be an assault. For there to be an assault upon Mr. Cardona, there must have been an act, threat or conduct which caused Mr. Cardona to reasonably believe he was in danger of receiving an immediate battery.

There is no direct evidence of Mr. Cardona's belief. As the trial court pointed out: "he didn't say why he got out of bed and went in the other room." The evidence does not permit an inference as to Mr. Cardona's belief. Mr. Cardona got out of bed to see who it was, followed defendant to the kitchen, walked to and opened the door with defendant, argued with defendant for 15 to 20 minutes and, in defendant's presence, told his wife to call the police. Defendant held the knife waist high when Mr. Cardona awakened, but put it away upon reaching the kitchen.

The evidence is insufficient to show Mr. Cardona reasonably believed he was in danger of receiving an immediate battery.

The judgment and sentence for aggravated burglary is affirmed. The judgment and sentence for aggravated assault is reversed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

To sentence defendant 10 to 50 years for aggravated burglary under the facts of this case is a miscarriage of justice. It is cruel and unusual punishment inflicted on a man who is innocent of the crimes with which he was charged.

Aggravated burglary carries punishment of a second degree felony which means imprisonment in the state penitentiary for a term of not less than 10 nor more than 50 years, or to the payment of a fine of $10,000, or to both such imprisonment and fine in the discretion of the court.

Second degree murder, kidnapping, criminal abortion which results in death, carry the same punishment. Voluntary and involuntary manslaughter, dangerous use of explosives, carry a much less punishment.

The defendant is entitled to a new trial or complete discharge.

We should keep in mind the inherent power of courts of review to protect a man's fundamental rights in every case. State v. Romero, 86 N.M. 244, 522 P.2d 579 (1974).

A. *The majority opinion fails to answer questions of law raised by the defense.*

The majority opinion refused to review three issues raised by defendant, none of which, it states, can be raised for the first time on appeal. This constitutes a reversal of previous decisions and a convenient method of wasting a man's life. Only one issue will be presented which should grant the defendant a new trial.

(1) *The jury was not instructed on all essential elements of aggravated burglary.*

The trial court instructed the jury in the language of the statute on aggravated burglary and contained the phrase "with intent to commit a felony," but the word "felony" was not explained to the jury.

Section 40A–1–6, N.M.S.A.1953 (2d Repl.Vol. 6) defines classified crimes as felonies, misdemeanors and petty misdemeanors.

A jury cannot know which crime in the Criminal Code is designated by law as a felony, a misdemeanor or a petty misdemeanor; nor does it know the punishment authorized for conviction of the crime. A jury may convict a man of "intent to commit a felony" when the intent proved was to commit a misdemeanor or a petty misdemeanor. The jury is not allowed to guess or speculate on the meaning of the word "felony." The jury needs guidance and explanation and assistance.

Rule 41(a) of the Rules of Criminal Procedure [§ 41–23–41(a), N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.)] states:

The court *must* instruct the jury upon *all* questions of law *necessary for guidance* in returning a verdict. [Emphasis added].

A failure to instruct on an essential element of a crime is jurisdictional and can

be raised for the first time on an appeal. State v. Jones, 85 N.M. 426, 512 P.2d 1262 (Ct.App.1973).

"Intent to commit a felony" is an essential element of aggravated burglary. United States v. Thomas, 144 U.S.App.D.C. 44, 444 F.2d 919 (1971); United States v. Seegers, 144 U.S.App.D.C. 162, 445 F.2d 232 (1971); Champlain v. State, 53 Wis.2d 751, 193 N.W.2d 868 (1972); Henson v. People, 166 Colo. 428, 444 P.2d 275 (1968); Adkins v. State, 389 P.2d 915 (Alaska, 1964). See, State v. Vigil, 85 N.M. 328, 334, 335, 512 P.2d 88 (Ct.App.1973), concurring opinion.

We have held that the failure to define "assault" is prejudicial error where a defendant is tried for assault with intent to commit a violent felony, to-wit: rape, because the jury was allowed to guess or speculate as to the meaning of the word "assault." State v. Jones, supra. This same rule applies to aggravated burglary. It is prejudicial error to fail to instruct sua sponte on a definition of "felony" and to fail to advise the jury which acts would amount to a felony that the defendant, upon entry, may have intended to commit. People v. Failla, 51 Cal.Rptr. 103, 414 P.2d 39 (1966); State v. Fierro, 15 Ariz.App. 369, 488 P.2d 1006 (1971).

*Failla,* supra, is interpreted to mean that prejudice must be demonstrated before the failure to define a felony in the context of a burglary instruction will constitute reversible error. People v. McManis, 26 Cal.App.3d 608, 102 Cal.Rptr. 889, 893 (1972). See also, People v. Hawkins, 268 Cal.App.2d 99, 73 Cal.Rptr. 748, 752 (1968); City of Albuquerque v. Ackerman, 82 N.M. 360, 364, 482 P.2d 63 (1971). Prejudice is obvious.

Under Rule 41(a), the necessity of guidance to the jury is a mandatory duty of the trial court to avoid guess and speculation in returning a verdict.

In the instant case, the jury does not know what a felony or a misdemeanor is. Even if we assume it does know, it cannot know whether defendant's conduct constitutes a felony or a misdemeanor without guidance. The jury had to guess or speculate which felony, if any, the defendant intended to commit upon entering the home. The jury had to guess or speculate whether defendant's conduct constituted a felony or misdemeanor.

The failure to instruct the jury on the meaning of the phrase "with intent to commit a felony" is reversible error which entitled defendant to a new trial.

B. *Defendant was not guilty of aggravated burglary.*

(1) *There was no evidence of intent, upon entry, to commit an aggravated assault.*

The majority opinion holds that defendant was not guilty of aggravated assault on Mr. Cardona. I concur.

Did defendant intend, upon entry, to commit an aggravated assault? The majority opinion limits its scope to Mrs. Cardona.

By a wave of the wand, the majority opinion holds that "The evidence is sufficient to establish that defendant's intent upon entry was to commit an aggravated assault." Upon what evidence? (1) Defendant was armed with a deadly weapon and (2) "His kissing and fondling of Mrs. Cardona was an unlawful act. She was scared."

Upon entry, Mrs. Cardona was asleep. He could not intend to assault her with a deadly weapon while she was asleep. He would have to awaken her and then use his knife and unlawfully assault or strike at Mrs. Cardona by committing an unlawful act, threat or menacing conduct which caused her to reasonably believe she was in danger of receiving an immediate battery. Sections 40A–3–2(A) and 40A–3–1(B), N.M.S.A.1953 (2d Repl.Vol. 6). She never saw a knife. If kissing and fondling without use of a knife while a lady is asleep constitutes aggravated assault, the Wonderful Wizard of Oz has become a reality.

(2) *There was no evidence of intent, upon entry, to commit an aggravated battery felony.*

In order to constitute a felony, aggravated battery includes unlawful touching with intent to injure a person by use of a deadly weapon. Section 40A–3–5, N.M.S.A. 1953 (2d Repl.Vol. 6). Was this defendant's intent when he entered the home? Of course not. Kissing and fondling a woman in this case was an unlawful act. It was reprehensible conduct which we cannot condone. But it was not done to injure the woman with use of his knife. It was not a battery because it was not done in a rude, insolent or angry manner. Section 40A–3–4, N.M.S.A.1953 (2d Repl.Vol. 6).

The fact is, that after the wife awakened, the husband and wife dominated the scene, called the police, scared the defendant, and caused the defendant to run away. Defendant was a fool, but he did not deserve 10 to 50 years in the penitentiary.

The defendant had no intent, upon entry to commit any felony. He might be guilty of criminal trespass, a petty misdemeanor. Section 40A–14–1, N.M.S.A.1953 (2d Repl. Vol. 6). Defendant was not guilty of aggravated burglary.