589 P.2d 1047

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Robert FRANK, Defendant-Appellant.**

**No. 12021.**

Supreme Court of New Mexico.

Jan. 31, 1979.

Hynes, Eastburn & Hale, Thomas J. Hynes, Farmington, for defendant-appellant.

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

Defendant appeals his convictions on separate charges of first-degree murder and aggravated burglary. He was charged with having killed Tina Marie Alexander while committing an aggravated burglary in Farmington, New Mexico.

Prior to trial, defendant moved for a change of venue alleging that adverse pretrial publicity prevented him from receiving a fair trial. The motion was denied by the trial court. At trial defendant asked to voir dire each prospective juror individually and out of the presence of other prospective jurors concerning certain newspaper articles about the crime. Defendant also requested that he be allowed to show the articles to the jurors and to question them as to their knowledge of the matters contained in the articles. These requests were denied. Six of the jurors selected to sit on the case admitted that they had read the articles, but indicated that they would not be adversely affected and could render a fair verdict. The trial court refused to disqualify these jurors for cause.

During closing argument the prosecutor referred to the failure of defendant's wife to testify. Defendant moved for a mistrial, but the trial court denied the motion . We reverse the trial court on the denial of the motion for mistrial and affirm as to the other issues raised.

### I.

Under his first point, defendant raises three contentions with respect to two newspaper articles concerning the alleged crime. First, he contends that because of the publicity given to this crime, as evidenced by the articles, it was impossible for him to receive a fair trial in San Juan County. Therefore, he argues that the trial court abused its discretion in denying his motion for a change of venue.

■ There is no record before us of the hearing on the motion for change of venue. Requested findings of fact were not submitted by defendant and none were entered by the trial court. Under these circumstances we have nothing to review and the decision of the trial court denying the motion must be upheld. *State v. Fernandez*, 56 N.M. 689, 248 P.2d 679 (1952).

Defendant next contends that the trial court abused its discretion by restricting defense counsel in his voir dire examination of the prospective jurors. Defendant argues that the ABA Standards for Criminal Justice Relating to Fair Trial and Free Press are valid considerations in ensuring that defendants are given a fair trial. He argues that the trial court should have followed those standards and granted individual voir dire of prospective jurors.

There are times when individual voir dire of prospective jurors is not only helpful, but also essential in providing a fair trial. However, some of the questions defense counsel sought to ask the prospective jurors would have been prejudicial, regardless of whether they had been asked before the entire panel or only before a single juror.

■ The determination of whether to allow individual voir dire lies within the discretion of the trial court. N.M.R.Crim.P. 39(a), N.M.S.A.1978; *United States v. Crow Dog*, 532 F.2d 1182 (8th Cir. 1976), *cert. denied*, 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 772 (1977); *Hackney v. State*, 233 Ga. 416, 211 S.E.2d 714 (1975); *Ferguson v. Commonwealth*, 512 S.W.2d 501 (Ky.1974). We hold that the trial court did not abuse its discretion in refusing to permit the questioning requested by defendant. We see no need to adopt the ABA Standards as rules of law, although we recognize they may be useful guidelines which a trial court may consider in exercising its discretion.

■ Defendant's third contention is that the trial court abused its discretion by refusing to excuse for cause all those prospective jurors who said they had read newspaper articles concerning the crime. We do not agree. The record does not show that any of the jurors had specific recollection of the details of the articles. The jurors all indicated that they had no opinion as to the guilt or innocence of defendant as a result of the articles. They all indicated they could fairly judge the case.

II.

Defendant contends that the trial court erred in denying his motion for directed verdict on both the aggravated burglary and the felony-murder charges. He argues that there was insufficient evidence to go to the jury on either charge because the State failed to prove two elements of the burglary charge: (1) An unauthorized entry by defendant into the house; and (2) defendant's intent to commit a felony therein. Defendant also argues that the trial court erred in giving an aggravated burglary instruction because there was insufficient evidence to go to the jury on this charge. We do not agree. There is sufficient testimony in the record to support submission of these issues to the jury.

■ Intent is subjective and is almost always inferred from other facts in the case. It is rarely established by direct evidence. N.M.U.J.I.Crim. 1.50, N.M.S.A.1978; *State v. Mata*, 86 N.M. 548, 525 P.2d 908 (Ct.App.1974), *cert. denied*, 86 N.M. 528, 525 P.2d 888 (1974); *State v. Ortega*, 79 N.M. 707, 448 P.2d 813 (Ct.App.1968). The evidence showed that defendant went to the home where the victim was killed only after he called to make sure someone was there. He and another individual went to the house armed with firearms. He had the other armed person cover the back of the house while he entered through the front door. There was evidence that defendant hit the screen door with his fist to obtain entry. Defendant testified that he opened the front door himself. There was no evidence that defendant received anyone's permission to enter the house. To the contrary, several witnesses testified that they had not given defendant such permission. This evidence was sufficient to submit the burglary charge to the jury.

### III.

Defendant contends that the trial court erred in failing to grant his motion for a mistrial following the prosecutor's comments during his rebuttal argument. The prosecutor made the following statement:

I'm going to close with one last statement. Now we haven't mentioned this very much during the trial, but remember the wife of the defendant was in that living room when that shot was fired. She saw everything the defendant did. Now you notice she is not here to testify.

Defendant objected to this statement and moved for a mistrial. The motion was denied. The court properly instructed the jury to disregard the wife's failure to testify and explained the husband-wife privilege.

At this point the prosecuting attorney concluded his rebuttal argument with the following words:

But let's just back up to Penny Frank who was in that living room, who saw what happened, who saw her husband, who saw Tina, who saw what took place. Remember when they ran out of the car, when they ran out of the house, they went back to the car, they got in. And what did Penny Frank say? Roy Nickerson told us what she said. She said, "Bob, you didn't have to shoot that girl." I think that tells us what happened inside that house, and based on that we would ask you to return the verdict of guilty of aggravated burglary and also of first-degree felony murder.

N.M.R.Evid. 505(b)(1), N.M.S.A.1978 provides:

An accused spouse in a criminal proceeding has a privilege to prevent the other spouse from testifying against the accused.

N.M.R.Evid. 513(a), N.M.S.A.1978 provides:

The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom.

The privilege of an accused to prevent his spouse from testifying is subject to certain exceptions; however, none of these exceptions are applicable in this case. N.M.R. Evid. 505(d), N.M.S.A.1978.

The State contends that the privilege was not exercised, and, therefore, that the prosecutor's comments were not improper. As to whether the privilege was exercised, we agree with the decision of the New Jersey Supreme Court in *State v. Lowery*, 49 N.J. 476, 231 A.2d 361 (1967). In that case the court stated:

We do not regard it as necessary for a husband or wife to go upon the stand and there affirmatively "exercise" the privilege not to testify. The decision of a husband in a case like the present one not to call his wife as a witness is a sufficient "exercise" of the privilege to justify invocation of the statutory protection. (Citation omitted.)

*Id.* at 366.

We hold that the husband-wife privilege applied. The prosecutor's comments on the failure of the wife to testify were improper. *State v. Warren*, 212 N.W.2d 509 (Iowa 1973); *State v. Brown*, 14 Utah 2d 324, 383 P.2d 930 (1963); *State v. Torres*, 16 Wash.App. 254, 554 P.2d 1069 (1976).

The remaining issue is whether the improper argument of counsel requires reversal of these convictions, or whether the trial court's instruction to the jury to disregard counsel's statement was sufficient to cure the error.

If there is a reasonable possibility that the inappropriate remarks of the prosecutor caused the jury to consider the failure of the wife to testify as evidence against defendant, or caused it to reach a verdict that it otherwise might not have reached, then such arguments are grounds for reversal.

This case turned not upon whether defendant was at the home of the decedent, but on the manner and purpose of his entry. The State argued that the entry was a burglary, bringing the killing within the felony-murder statute. § 30–2–1A(3), N.M. S.A.1978 (formerly § 40A–2–1A(3), N.M.S.

A.1953 (Repl.1972)). Defendant took the stand and explained those acts in such a way that, had the jury believed him, there would not have been a conviction on either charge. Defendant's wife was the only other person present to see defendant's means of entry and to see whether defendant's acts within the house were felonious. Defendant's father-in-law testified that defendant's wife said to defendant immediately after the killing, "Bob, you didn't have to shoot her."

Whatever the prosecutor intended to accomplish by his comments is not controlling. Even if spoken with the purest of motives, the prosecutor's reference to the wife's failure to testify could have been interpreted by the jury to imply that she would have testified adversely to her husband.

After the trial court sustained an objection to the comment on the wife's failure to testify, the prosecutor went on to refer to the statement made by her to her father which indicated that the wife knew what had occurred. The prosecutor's reference to her absence at trial, backed by a reminder of her statement to her father, strongly suggested to the jury that the wife was not called because her testimony would damage defendant.

We adhere to the reasoning of the court in *Johnson v. The State*, 63 Miss. 313 (1885), wherein the court stated:

> If the failure of the husband to call his wife as a witness in his behalf is to be construed as testimony, or as a circumstance against him, his privilege and option in the matter would be annulled, and he would be compelled, in all cases, to introduce her, or run the hazard of being convicted on a constrained, implied confession or admission, or to make explanations for not introducing her which might involve the sacred privacy of domestic life.

*Id.* at 317.

We do not accept the State's argument that the court's admonition to the jury to disregard his comments removed any prejudice to defendant, unless it clearly appears from the record that his remarks could not have influenced the verdict. The record supports the opposite conclusion.

The following language from the case of *Miller v. Territory of Oklahoma*, 149 F. 330 (8th Cir. 1906), which this Court cited with approval in *State v. Rowell*, 77 N.M. 124, 128, 419 P.2d 966, 970 (1966), is appropriate here:

> The zeal . . . of some prosecuting attorneys, tempts them to an insistence upon the admission of incompetent evidence, or getting before the jury some extraneous fact supposed to be helpful in securing a verdict of guilty . . . . . When the error is exposed on appeal, it is met by the stereotyped argument that it is not apparent it in any wise influenced the minds of the jury. The reply the law makes to such suggestion is: that, after injecting it into the case to influence the jury, the prosecutor ought not to be heard to say, after he has secured a conviction, it was harmless. . . . [T]he presumption is to be indulged, in favor of the liberty of the citizen, that whatever the prosecutor, against the protest of the defendant, has laid before the jury, helped to make up the weight of the prosecution which resulted in the verdict of guilty.

149 F. at 339.

We hold that the comments of the prosecutor on the failure of defendant's wife to testify were prejudicial to defendant. Defendant's motion for a mistrial should have been granted. The cause is remanded to the district court with directions that the conviction be set aside and that the defendant be given a new trial.

IT IS SO ORDERED.

SOSA, C. J., and McMANUS, Senior Justice, concur.