MR. JUSTICE SHEEHY
dissenting:
On the record, the defendant is guilty of a violation of section 45-6-203, MCA, criminal trespass to property, and perhaps a violation of section 45-6-101, MCA, criminal mischief and nothing more.
There is no evidence to support his conviction of burglary under section 45-6-204, MCA.
As noted in the majority opinion, the offense of burglary is committed when a person knowingly enters or remains unlawfully in an occupied structure “with the purpose to commit an offense therein.” Section 45-6-204, MCA. The State proved the defendant’s unlawful entry, but it failed to prove his purpose to commit an offense therein.
In State v. Rood (1969), 11 Ariz.App. 102, 462 P.2d 399, 401, it is stated:
“We reiterate that we have held that the entry in this case alone does not generate an inference of an intent to steal. We also believe that the State must prove that an intent to commit a specific crime existed and not just that there was an intent to commit something, undetermined at the time of entry.” 462 P.2d at 401.
In State v. Austad (1975), 166 Mont. 425, 533 P.2d 1069, this Court upheld a conviction of burglary under our former statute, where the evidence showing the specific intent to steal included the following: a pair of bolt cutters with a padlock inside its jaws was found in the defendant’s car which had been backed up to the side *139 door of the structure entered; a group of tools had been stacked near the door of the structure in anticipation of removal; an eyewitness had seen defendant and another individual depart from the structure. In that case, while the court recognized that the defendant would not be guilty of burglary if he broke in for the purpose of trespass only, it found sufficient supporting evidence of his intent to commit larceny under the former statute section 94-901, R.C.M., 1947.
In this case, beyond the fact that he was unlawfully in the premises, there is nothing to support any inference of his intent to commit a further crime. The single fact to which the State can point is that a fire extinguisher was found on the floor after the defendant was arrested, removed from its proper place on a wall in the store. The defendant is not connected to its removal except by inference, for the extinguisher was not even tested for fingerprints. Nothing in the store was touched. There is no telling from the evidence what he intended to do in the store, and his erratic behavior before and after the entry only further confuses what his intent may have been. Before the entry, in the early morning hours, he had somehow cut his hand, gone to the hospital, had 25 stitches taken in his hand, called a cab and was dropped off near the store where he entered. After his arrest, he was erratic, wild, yelling, screaming and had to be subdued by the officers.
I am unable to make the intellectual leap required to make this one fact of evidence rise to the level of moral certainty or beyond a reasonable doubt to support the defendant’s conviction of unlawful entry “with the purpose to commit an offense therein.”
MR. JUSTICE SHEA will file a separate opinion later.