NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH WILLIAM TAYLOR, *Appellant.*

No. 1 CA-CR 16-0009
FILED 1-4-2017

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-165045-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Nicholaus Podsiadlik
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Andrew W. Gould and Judge Patricia A. Orozco (Retired) joined.

---

**S W A N N**, Judge:

¶1        Appellant Kenneth William Taylor appeals his conviction for one count of third-degree burglary.  He argues that the evidence was insufficient to show intent, that the prosecutor committed misconduct by misstating the law, and that the superior court committed fundamental error by not instructing the jury that criminal trespass is a lesser-included offense or that mere presence is not enough for a conviction.  For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The night of December 25–26, 2012, Officer Metcalf, a uniformed police officer, was on patrol in downtown Mesa in a marked police vehicle.  At about 12:30 a.m., dispatch received a silent alarm from the Mesa Historical Museum.  Ofc. Metcalf was dispatched and arrived about four minutes after the alarm issued.  When he arrived, he exited his police car and started walking towards the museum.  He noticed Taylor walking back and forth between rooms in one of the building's other suites, the Benedictine University.[1]  As Ofc. Metcalf got closer, Taylor exited the university through a shattered glass door, got on a bicycle, and headed east.  After a brief chase, Taylor was apprehended, interrogated, and transferred to a holding facility.

¶3        Ofc. Metcalf returned to the university and conducted a room-to-room search.  The desks had been rummaged through; it was later determined that five laptop computers and a couple of docking stations were missing; they were never recovered.  No fingerprints were found at the scene.  Ofc. Metcalf also checked the Mesa Historical Museum and discovered that the silent alarm was triggered when a river rock was thrown through a glass door.  No one was in the museum and only a couple of TV cables were missing.

---

[1]        Though the university had an alarm system, it was not functioning.

2

¶4        A jury found Taylor guilty of third-degree burglary. He appeals.

**DISCUSSION**

I.        THE STATE PRESENTED SUFFICIENT EVIDENCE OF INTENT.

¶5        A person commits third-degree burglary by entering or remaining unlawfully in a nonresidential structure with the intent to commit a theft or felony therein. A.R.S. § 13-1506. Intent may be inferred from all the facts and circumstances and need not be supported by direct proof. *E.g., State v. Quatsling*, 24 Ariz. App. 105, 108 (1975); *see also State v. Noriega*, 187 Ariz. 282, 286 (App. 1996).

¶6        Taylor argues the state failed to present sufficient evidence that he intended to commit a crime or theft when he entered the university and that he was merely present in the university. We view the evidence in the light most favorable to support a conviction and will affirm unless there is a complete absence of probative facts to support the verdict. *Quatsling*, 24 Ariz. App. at 108.

¶7        Taylor relies on *State v. Rood*, in which the court held that the defendant's entry through an unlocked door into a house where a neighbor saw him "with his hand resting" on a television was not sufficient evidence of intent. 11 Ariz. App. 102, 103, 104 (1969). The court held that proof of intent cannot be inferred from a nonforcible entry through an unlocked door. *Id.* at 104. But the court noted that the holding did not apply to cases in which a defendant entered a structure by force, through a window, or "some other suspicious means" where the manner of entry could support an inference of intent.[2] *Id.; see also State v. Taylor*, 25 Ariz. App. 497, 499 (1976) (explaining that intent may be inferred from an unauthorized entry by force).

---

[2]       Taylor argues this statement is dictum. He is wrong. Dictum is a "court's statement on a question not necessarily involved in the case before it." *Creach v. Angulo*, 186 Ariz. 548, 552 (App. 1996), *approved* 189 Ariz. 212 (1997). The issue in *Rood* was if the evidence was sufficient to prove the intent element for burglary. The court necessarily had to distinguish *Rood*'s facts from those of other cases. *See generally Rood*, 11 Ariz. App. at 104–05. Moreover, our statement is consistent with long-standing law. *See McCreary v. State*, 25 Ariz. 1 (1923).

¶8        To the extent *Rood* is still good law, it has been confined to its facts. *See State v. Cabrera*, 114 Ariz. 233, 235 (1977) (distinguishing *Rood* when the defendants entered a business and ran when the owners caught them standing with mechanic's tools over the open hood of a car); *State v. Talley*, 112 Ariz. 268, 270 (1975) (distinguishing a late-night entry while possessing the victim's revolver from the mid-morning entry in *Rood* and holding that a jury, to find intent, could consider a defendant's attempt to hide); *State v. Fierro*, 15 Ariz. App. 369, 370–71 (1971) (narrowly applying *Rood* to instances where there is no forcible entry and no evidence of a crime after entry); *State v. Salcido*, 12 Ariz. App. 275, 276 (1970) (distinguishing *Rood* where there was forcible entry and an open cash register and cabinets).

¶9        The facts of this case differ significantly from those in *Rood*. Here, there was clearly a theft. And at most, five minutes passed between the silent alarm and Ofc. Metcalf's arrival. Though he was not caught in possession of any items from the university, the jury could have inferred that Taylor had help and stayed at the scene longer than his co-conspirators who escaped with the loot. Even if someone else broke the glass doors at the museum and the university and fled with the property before Taylor arrived, the jury could reasonably infer that Taylor intended to steal something from the already-burglarized university.[3] Taylor entered a university office, without permission or authorization, through a shattered glass door at 12:30 a.m. on Christmas Night wearing gloves with a "full rubber bottom," then fled from uniformed police officers. Ofc. Metcalf saw him going back and forth between rooms, and there was a box with a printer, clock, and other items (that was not placed there by an employee) near the shattered door through which Taylor fled. There is sufficient evidence that Taylor intended to commit a theft.

II.    THERE WAS NO PROSECURTORIAL MISCONDUCT.

¶10        Taylor argues that the prosecutor incorrectly told the jury that mere presence was sufficient to convict Taylor of burglary. It is true that

---

[3]        Taylor seems to argue that so long as a defendant merely enters an already-burglarized structure, he cannot be convicted of burglary unless he is caught with stolen property in his hands. This is not a reasonable reading of *Rood* and runs contrary to Arizona's long-standing burglary law. Arizona abandoned the common law requirements of breaking and entering in favor of a standard under which even a lawful entry becomes burglary if it is supported by the proper intent. *McCreary*, 25 Ariz. at 2; *see also Rood*, 11 Ariz. App. at 104 (distinguishing cases where a breaking and entering can imply intent).

the prosecutor may not misstate the law to the jury. *State v. Serna*, 163 Ariz. 260, 266–67 (1990). Because Taylor did not object at trial, we review for fundamental error, and must affirm unless Taylor proves there was an error that goes to the foundation of the case, deprived him of a right essential to his defense, or was of such magnitude to render the trial unfair. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).

**¶11** The prosecutor correctly stated that burglary requires entry with the intent to commit a theft or felony. A.R.S. § 13-1506(A). In reviewing the prosecutor's statements, we find only one instance that could plausibly imply that mere presence is sufficient. The prosecutor said in relevant part:

> [L]et's assume, for argument's sake, he wasn't the one that smashed the door. Let's assume he wasn't the one that went in and disconnected computers, turned over monitors, opened drawers. For argument's sake, just assume somebody else did it. . . .
>
> If you believe at that moment, even if he didn't do any of that other stuff, but he enters after somebody else does, he enters without permission. He had no permission from Benedictine University. Even if the door was broken, even if the door, let's say, was wide open and propped open with something, he had no permission to be in there, period, whatsoever.
>
> If you believe he entered at that point with the intent to commit a theft, that's burglary in the third degree. And, again, in the context of 12:30 in the morning, nobody around, it's a business, no authority whatsoever to be there, there's no other reason for somebody to go in there but for [sic] to commit a theft.

We see nothing legally incorrect in this statement.

**¶12** The jury can infer intent from the totality of the circumstances. The prosecutor correctly stated that the state did not have to prove Taylor actually stole anything, only that he intended to do so. Fairly construed, the prosecutor's argument did not suggest that mere presence is enough for a conviction. Though Taylor takes issue with the prosecutor's final statement that "there's no other reason for somebody to go in there," this statement simply presented a reasonable inference from the facts. Taylor offers no innocent explanation for his presence. We perceive no error, much less one that rendered his trial fundamentally unfair.

III.    THERE WAS NO FUNDAMENTAL ERROR IN THE FINAL JURY
        INSTRUCTIONS.

¶13          Taylor finally argues that the superior court committed fundamental error by not instructing the jury that trespass is a lesser-included offense to burglary and by not including a mere-presence instruction.

¶14          Because he did not object at trial, Taylor has waived his arguments on the jury instructions on appeal, and we review only for fundamental error. Ariz. R. Crim. P. 21.3(c); *State v. Erivez*, 236 Ariz. 472, 475, ¶ 13 (App. 2015). Though the failure to give a jury instruction can be fundamental error, we require a specific showing of prejudice for relief. *State v. Eddington*, 226 Ariz. 72, 80, ¶ 22 (App. 2010) (internal quotations and citations omitted), *as amended on reconsideration* (Feb. 10, 2011), *aff'd*, 228 Ariz. 361 (2011).

¶15          Taylor contends that the case law is split on whether trespass is a lesser-included offense for burglary. He encourages us to hold that it is.

¶16          In 1981, our supreme court held that trespass is not necessarily a lesser-included offense of burglary, because criminal trespass requires that a defendant know his presence was unlawful while burglary does not. *State v. Malloy*, 131 Ariz. 125, 129–31 (1981). The court relied on the version of A.R.S. § 13-105 in effect at the time, which prescribed: "'Knowingly' means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists." *See also State v. Kozan*, 146 Ariz. 427, 429 (App. 1985).

¶17          In 1981, the legislature amended the definition of "knowing" by adding: "It does not require any knowledge of the unlawfulness of the act or omission." *Id.* In *State v. Kozan*, we determined that the added language did not affect the holding of *Malloy*, because the statutory elements of trespass require the defendant to know his presence is unlawful even if the statutory definition of "knowing" does not. *Id.*; *see also* A.R.S. § 13-504.

¶18          In 1991, without discussing *Kozan* or *Malloy*, this court upheld the superior court's vacation of a conviction for criminal trespass when the jury was instructed that it was a lesser-included offense for burglary and found the defendant guilty of both. *State v. Engram*, 171 Ariz. 363 (App. 1991). We noted that, "When the jury improperly returned the inconsistent

verdicts for burglary and the lesser included offense of trespass, the trial judge immediately realized that a defendant cannot be convicted for both a greater and a lesser included offense." *Id.* at 365 (citing *Brown v. Ohio*, 432 U.S. 161, 168 (1977)).

**¶19** There is no split in the case law. First, our opinion in *Engram* assumed, rather than held, that trespass was a lesser-included offense. Second, we reject the argument that *Kozan* and *Malloy* were improperly decided and should be reversed. *Malloy* was a decision by the Arizona Supreme Court, which we cannot overrule, modify, or disregard. *State v. Sullivan*, 205 Ariz. 285, 288, ¶ 15 (App. 2003). For that reason, to the extent that *Engram* stands for a rule inconsistent with *Malloy,* it is not persuasive authority. The rule in Arizona is the Supreme Court's holding in *Malloy*, and we apply it here. Because trespass is not a lesser-included offense of burglary as a matter of law, we conclude that the trial court did not err.

**¶20** Taylor next argues that based on the facts of *this* case, trespass is a lesser-included offense of burglary. Taylor's argument is contrary to well-established Arizona law. In Arizona, a defendant may ask for a lesser-included-offense instruction only if the requested instruction deals with an offense that (1) is a lesser-included offense by its nature or as charged and (2) is supported by the facts. *State v. Mitchell*, 138 Ariz. 478, 479 (App. 1983) (citing *State v. Celaya*, 135 Ariz. 248 (1983)). Here, trespass is not a lesser-included offense, ¶ 19, *supra*, nor was it charged as one. Thus, it does not matter whether the facts would have supported the charge. *State v. Teran*, 130 Ariz. 277, 278 (1981).

**¶21** Finally, Taylor argues that the trial court committed fundamental error by failing to issue the mere-presence instruction he requested. We perceive no fundamental error. Taylor was caught moving room-to-room in an obviously burglarized, nonresidential building after midnight. Though the court could properly have given the instruction, the facts of this case did not require it.

## CONCLUSION

¶22       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA