JACK LLOYD GEORGE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12436

May 7, 1982        644 P.2d 510

*James O. Porter,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Mowbray, J.:

The principal issue presented is whether it is permissible for a prosecutor to comment on a defendant's failure to call his wife as a material witness. We hold that it is not permissible and therefore we reverse and remand for a new trial.

### THE FACTS

A jury found the appellant, Jack Lloyd George, guilty of the first degree murder of David Stanton. At trial, Robert Land testified that he, George, and George's wife, went looking for Stanton because Stanton had failed to return money previously given to him to buy drugs. When the trio found Stanton they decided to take him into the desert for a beating. Land claimed that Stanton attempted to escape. Land admitted shooting and killing Stanton at George's insistence.

George, on the other hand, testified that while he and his wife were in the company of Land they did not intend to kidnap Stanton; that it was Land who physically forced Stanton into the car. George stated that he went along because he was fearful of Land who he said had become violent. George denied any complicity in the actual killing. George's wife did not testify.

## THE PROSECUTOR'S COMMENTS TO THE JURY

During closing argument counsel for the State made the following comments:

> One point I want to make to you is there is the absence in this trial of testimony of the defendant's wife, Toni George. Under the law, and under our rules of evidence I cannot call Toni George to the stand as a witness. The defendant, however, has the right to call his wife to the stand. The law provides that you may presume that when a witness is technically available to one of the parties in a case, and that witness is not available to the other party, that when the party to whom that witness is available does not call that witness, that that witness's testimony would be unfavorable to him.
>
> The State could not present to you the testimony of Toni George, and therefore we could not play the videotape of her statement either.

George suggests that the comments violated the Nevada statute on the spousal privilege and he seeks a new trial as a result of the prejudicial misconduct. NRS 49.295 is unambiguous. It provides:

> 1(a) A husband cannot be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent.

NRS 49.405 is clear in its mandate that neither the court nor counsel may comment on the claim of the privilege or suggest any inference thereform.[1] Emerson v. State, 98 Nev. 158, 643 P.2d 1212 (1982).

The State argues that since the privilege was not exercised, the prosecutor was free to make the comments. We do not agree. As the court stated in State v. Frank, 589 P.2d 1047 (N.M. 1979) at page 1050:

---

[1] NRS 49.405 provides:

1. The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom.

> We do not regard it as necessary for a husband or wife to go upon the stand and there affirmatively "exercise" the privilege not to testify. The decision of a husband in a case like the present one not to call his wife as a witness is a sufficient "exercise" of the privilege to justify invocation of the statutory protection.[2]

The reason for the rule is well set forth in Daniels v. Beeson, 312 So.2d 441, 443 (Miss. 1975).

> If the failure of the husband to call his wife as a witness in his behalf is to be construed as testimony, or as a circumstance against him, his privilege and option in the matter would be annulled, and he would be compelled, in all cases, to introduce her, or run the hazard of being convicted on a constrained, implied confession or admission, or to make explanations for not introducing her which might involve the sacred privacy of domestic life.

We conclude, therefore, that the prosecutor's comments constituted prejudicial error requiring reversal and a remand for a new trial.[3]

Remaining assignments of error have been considered and found meritless.

GUNDERSON, C. J., MANOUKIAN and SPRINGER, JJ., and ZENOFF, SR. J.,[4] concur.

---

[2]The relevant New Mexico statutes parallel the Nevada statutes. N.M.R. Evid. 505(b)(1), N.M.S.A. 1978 provides:

> An accused spouse in a criminal proceeding has a privilege to prevent the other spouse from testifying against the accused.

N.M.R. Evid. 513(a), N.M.S.A. 1978 provides:

> The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom.

[3]The State has relied heavily on People v. Coleman, 459 P.2d 248 (Calif. 1969). However, in California the witness has the sole privilege not to testify against his or her spouse. California Evidence Code § 970 provides:

> *Privilege not to testify against spouse.*
> Except as otherwise provided by statute, a married person has a privilege not to testify against his spouse in any proceeding.

[4]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.