LANCELOT JULIAN HYLTON, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 14606

October 4, 1984                                      688 P.2d 304

*John J. Momot,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, *James Tufteland,* Deputy, Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

A jury found the appellant, Lancelot Julian Hylton, guilty of first degree murder with the use of a deadly weapon, robbery with the use of a deadly weapon, and conspiracy to commit robbery.

Hylton seeks reversal of his judgment of conviction predicated upon twenty-five assignments of error, including the violation of Hylton's spousal privilege that his wife not testify during the jury trial.

The victim, Alexander Hamilton, a cocaine dealer, was shot and killed during a drug transaction involving Hylton. Hylton was present when at least one shot was fired. He was tried on the theory that he and two other men had planned to rob Hamilton. The testimony at trial indicated that one of the other men did the shooting.

At trial the prosecution called Hylton's wife, Susan Burke, also known as Susan Hylton, as a witness. Before she was sworn to testify, defense counsel objected to calling her as a witness because she was Hylton's wife. The trial judge did not immediately rule on the objection. After Susan was sworn and identified herself as the wife of Hylton, defense counsel again objected. The objection was then sustained. Susan did not testify further. Nevertheless, in his closing argument, the prosecutor stated to the jury that the state could not call Susan as a witness.

Calling Susan to the stand was a violation of NRS 49.295(1)(a) which provides: "A husband cannot be examined

as a witness for or against his wife without her consent, nor a wife for or against her husband." It is improper for a prosecutor to force the invocation of the spousal privilege in the presence of the jury. Emerson v. State, 98 Nev. 158, 643 P.2d 1212 (1982). The record shows that the prosecutor knew of the relationship between Hylton and Susan when he initially called her to the stand. The state concedes that Susan was not present at the scene of the shooting and that she could provide no material evidence pertaining to Hylton's guilt or innocence. It was also improper for the prosecutor to comment to the jury on the state's inability to present Susan as its witness. George v. State, 98 Nev. 196, 644 P.2d 510 (1982) (citing NRS 49.405 which prohibits the prosecutor or the court from commenting on any claim of privilege). Under these circumstances, the prosecutor's action constitutes flagrant misconduct.

We cannot agree with the state's argument that this error was harmless. The prosecutor's actions presented to the jury the basis for impermissible inferences arising from Hylton's claim of privilege. Of the two primary witnesses for the prosecution, one was found to be an accomplice of Hylton's, and the corroborating witness changed her testimony at trial after being granted immunity for any perjury she may have committed at the preliminary hearing. In this context, we find that the compounded violation of Hylton's spousal privilege is reversible error. The remaining assignments of error may not appear on retrial and therefore need not be addressed.

Accordingly, we reverse the judgment of conviction and remand for a new trial.