[Crim. No. 9734. In Bank. May 16, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. FELICE PAUL FAILLA, Defendant and Appellant.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Felice Paul Failla, in pro. per., Albert C. Garber, under appointment by the Supreme Court, Minsky, Garber & Rudof and J. M. Groshan for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Paul N. Wenger, Deputy Attorney General, for Plaintiff and Respondent.

MOSK, J.—Defendant appeals from a judgment convicting him, upon jury verdicts, of five counts of first degree burglary (Pen. Code, § 459) and one count of simple kidnaping (Pen. Code, § 207).

The facts of the alleged offenses need not be related in great detail. Counts I through V charged defendant with five burglaries arising out of nighttime entries into the apartments of five different female victims "with the intent . . . to commit a felony and theft"; Count VI, kidnaping, was predicated on an incident occurring in the course of the burglary charged in Count II. In summary, the evidence showed the defendant entered each apartment, awoke the victim, and threatened her into silence. ▮ On Count I there was evidence tending to show that defendant intended to commit an act of oral copulation in violation of Penal Code section 288a; but when the victim resisted and told him she was menstruating, defendant masturbated and left. On Count II defendant told the victim he wanted to show her his penis; he did so, and announced his intention to masturbate. A scuffle ensued, defendant struck the victim with his fist, and left. On Count III defendant told the victim, "I want you to play with me"; he took her hand and forced her to masturbate him, then left. On Count IV defendant told the victim he did not want to have intercourse with her but just wanted to kiss her; he put his hand on her private parts, and left when she began screaming. On Count V defendant appeared on the victim's windowsill clad only in underwear, and said, "I want you"; she screamed and he left.

▮ The court instructed the jury in the language of the statute (Pen. Code, § 459) that one who enters an apartment with intent to commit theft "or any felony" is guilty of

burglary; a second instruction likewise told the jury that a necessary element of burglary is a specific intent to commit theft ''or any felony.'' No other instructions on burglary were requested or given.

The court committed prejudicial error in failing to give a further instruction on its own motion defining ''felony'' and advising the jury which acts the defendant, upon entry, may have intended to commit would amount to felonies. In *People v. Chavez* (1951) 37 Cal.2d 656, 668 [234 P.2d 632], we clearly intimated that on a proper occasion it is error to fail to define for the jury the acts which, if intended by the defendant, will transform an entry into a burglary. No error was found in the circumstances of that case because ''There was no evidence tending to prove that, when Chavez entered the house, he intended to commit any felony other than rape and murder. Both were defined by the court, and an instruction concerning other crimes would have had no evidentiary basis.'' In *People v. Corral* (1943) 60 Cal.App.2d 66, 72 [140 P.2d 172], the jury was instructed on burglary in the terms of the statute; in rejecting an argument that a further instruction should have been given defining the different kinds of conduct proscribed as ''theft'' in California (Pen. Code, § 484), the court reasoned: ''It may well be that in some cases of burglary such an argument would be well taken, but this is not one of them. Only one sort of theft—larceny—was indicated by the evidence, and the showing of defendant's intent to commit that crime is so clear that we do not see how the jury could have had any doubt about it, or misunderstood the instruction. [Citation.] Even if such an instruction should properly have been given here, its absence has not resulted in a miscarriage of justice.'' But where the evidence permits an inference that the defendant at the time of entry intended to commit one or more felonies and also an inference that his intent was merely to commit one or more misdemeanors or acts not punishable as crimes, the court must define ''felony'' and must instruct the jury which acts, among those which the jury could infer the defendant intended to commit, amount to felonies. Failure to do so is error, for it allows the triers of fact to indulge in unguided speculation as to what kinds of criminal conduct are serious enough to warrant punishment as felonies and incorporation into the burglary statute.

This rule is applicable to the case at bar. Since defendant made no admissions or confessions and relied on a defense of alibi, on each burglary count the jury was required to find his intent upon entry circumstantially from his conduct and state-

ments after entry. But on the evidence presented such conduct and statements remained ambiguous: they were subject to an inference not only that defendant intended to commit one or more felonies (e.g., oral copulation or felonious assault), but also intended to commit one or more misdemeanors (e.g., indecent exposure or battery) or acts which are not crimes (e.g., masturbation). We cannot assume that the jury, uninstructed on this essential matter, knew the refined statutory distinctions between the foregoing types of conduct. Rather, on the facts of this case the jury could have found that the defendant's intent upon entry was to expose himself or force his victim to masturbate him, and, on the erroneous belief that these constituted felonies, could well have found the necessary "felonious" intent therein to warrant a conviction of burglary.

 The general rule provides that in defining the elements of a crime it is enough for the court to instruct in the language of the statute when the defendant fails to request an amplification thereof. (*People* v. *Reed* (1952) 38 Cal.2d 423, 430 [240 P.2d 590].) But that rule is always subject to the qualification that " 'An instruction in the language of a statute is proper only if the jury would have no difficulty in understanding the statute without guidance from the court.' " (*People* v. *Thomas* (1945) 25 Cal.2d 880, 895 [156 P.2d 7].) The instruction here under discussion declares rules of law that were necessary to the jury's understanding of the charge and were "closely and openly connected with the facts of the case before the court," and hence should have been given by the court on its own motion. (*People* v. *Wade* (1959) 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116].)

The People insist that no prejudice is shown from the failure to instruct as indicated above because "it appeared clear at the trial to all parties concerned" that defendant's intentions at the time of entry "were bent upon oral copulation." The facts, however, are otherwise. While there was evidence of such intent on Count I and evidence from which such intent could possibly be inferred on Count IV, the testimony on Counts II, III, and V lent no support to such a theory. The prosecutor appears to have been aware of this deficiency: in his closing argument he submitted an intent of defendant to commit oral copulation on Counts I and IV but did not do so on Counts II, III, and V, leaving the jurors to their own devices with respect to what felonies were allegedly intended in those instances. Moreover, even on Counts I and IV we cannot know whether the jury predicated its verdict of

guilty on a finding of an intent of defendant to commit oral copulation or an intent to expose himself and masturbate. The case is thus distinguishable from *People* v. *Chavez* (1951) *supra*, 37 Cal.2d 656, 668, in which the evidence left the jury no such choice. And in further distinction to *Chavez*, here no instruction was given defining the one felony which it is suggested the defendant did intend upon entry, i.e., oral copulation.

Finally, the People contend that the error in failing to give the instruction in question was not prejudicial as to Counts I and II at least, because on each of the latter there was evidence tending to show that defendant also engaged or attempted to engage in theft upon entering his victim's apartment. The argument is unconvincing. Even if the evidence of a preconceived intent to steal were not as weak as it is,[1] we still could not say with any confidence that on Counts I and II the jury found the requisite burglarious intent in defendant's larcenous conduct rather than in his undifferentiated sexual misbehavior. Nor does the evidence show a defined pattern in which defendant rifled his victims' purses before entering their bedrooms. On Counts III and IV defendant apparently entered the apartments without waking his victims, yet there was no evidence that he committed or attempted to commit theft before pursuing his sexual purposes; and on Count V defendant was frightened away in the very act of entering. Throughout the trial, moreover, the prosecutor stressed defendant's sexual intent and activities, and "There is no reason why we should treat this evidence as any less 'crucial' than the prosecutor—and so presumably the jury—treated it." (*People* v. *Cruz* (1964) 61 Cal.2d 861, 868 [40 Cal.Rptr. 841, 395 P.2d 889].)

We have not overlooked the fact that defense counsel "conceded" in his arguments to the jury that whoever entered the apartments involved here was guilty of burglary.

---

[1] On Count I the victim testified that her apartment was still in disorder because she had moved in only the previous day; that after defendant left she found her wallet on the living room floor with her credit cards in disarray nearby; and that although there was change in the wallet, nothing was missing.

On Count II the victim testified that she heard defendant moving about in other parts of her apartment for an undisclosed time before he entered her bedroom; that when she went into the adjoining room at his command she sat down on a chair on which her wallet was lying; and that although she subsequently found $8.00 missing from her wallet, before he left defendant pulled his hand out of his pocket and said, "Here, I have got some money for you." Rather than indicating intent to steal, this gesture suggests an intent of defendant to pay his victim for the sexual indignity she suffered.

From the context the jury must have correctly understood that the concession was made for the limited purpose of reinforcing the chosen defense of alibi. For example, defense counsel told the jury that ''we must assume that everything that the girls [i.e., the victims] say in regard to the acts of the intruder was true. *For our purposes,* it is true.'' (Italics added.) Once the jury decided that the intruder was in fact defendant, it doubtless recognized this concession to be no more than a tactical move on the part of defense counsel. Defendant's exercise of his right to elect a defense should not be distorted into an implied waiver of his right to complain on appeal of prejudicially erroneous instructions.

 ■ After a review of the entire cause, including the evidence, we are of the opinion that it is reasonably probable a result more favorable to defendant would have been reached in the absence of the error here in issue. (Cal. Const., art. VI, § 4½; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) Accordingly, the judgment on Counts I through V must be reversed.

We next consider briefly certain other contentions of defendant relating to instructions which may be presented on retrial.

 ■ Defendant urges that the court should have instructed that in order to find him guilty of burglary it was necessary for all the jurors to agree on what particular felony or felonies he intended at the time of entry. The question appears to be one of first impression in a burglary context, but we are not without guidance in the cases. In *People* v. *Nye* (1965) 63 Cal.2d 166, 173 [45 Cal.Rptr. 328, 403 P.2d 736], we reaffirmed our holding in *People* v. *Chavez* (1951) *supra,* 37 Cal.2d 656, 670-672, that in a prosecution for first degree murder it is not necessary to instruct that all the jurors must agree on one or more of the several theories proposed by the prosecution, so long as all agree the defendant is guilty of first degree murder as defined in the statute. The same rule applies in theft cases. Thus in *People* v. *Nor Woods* (1951) 37 Cal.2d 584, 586 [233 P.2d 897], we held that it is not necessary to instruct that all the jurors must agree on the particular theory of theft shown by the evidence, provided all agree the defendant fraudulently appropriated the property; in that event, ''it is immaterial whether or not they agreed as to the technical pigeonhole into which the theft fell.'' (Accord, *People* v. *Jones* (1943) 61 Cal.App.2d 608, 622-623 [143 P.2d 726]; *People* v. *Caldwell* (1942) 55 Cal.App.2d 238, 255-256 [130 P.2d 495].) By contrast, in a third line of decisions (e.g., *People* v. *Scofield* (1928) 203 Cal. 703, 709-711 [265 P. 914]; *People* v. *Dutra*

(1946) 75 Cal.App.2d 311, 321-322 [171 P.2d 41]; and *People v. McMillan* (1941) 45 Cal.App.2d Supp. 821, 829-830 [114 P.2d 440]) the defendant has been prosecuted for violation of a statute under which any one of several different *acts* is sufficient to constitute the offense;[2] in such circumstances the jurors must be instructed that in order to return a verdict of guilty they must all agree on at least one of the unlawful acts assertedly committed by the defendant. (See CALJIC No. 111.)

The controlling statute in the case at bar (Pen. Code, § 459) sets forth only one act which constitutes the offense, but that act may be presented to the jury on several different "theories." As noted at the outset, on the burglary counts defendant was charged with entering "with the intent . . . to commit a *felony* and theft." (Italics added.) The information should have specified the particular felony intended (*People v. Myers* (1929) 206 Cal. 480, 482 [275 P. 219]), but defendant is deemed by operation of law (Pen. Code, § 1012) to have waived any objection to that deficiency when he failed to enter a demurrer (*People v. Sipult* (1965) 234 Cal.App.2d 862, 866, fn. 3 [44 Cal.Rptr. 846]).

However, the rule requiring specification of the intended felony is merely a rule of pleading, designed "to give the accused notice of the offense of which he is accused" (Pen. Code, § 952); it is not a rule of substantive law, and does not mean that an entry with an intent to commit oral copulation is in any sense a different crime from the same entry with an intent to commit, for example, felonious assault. In both cases the conduct falls within the statutory definition of burglary, "where the crime is complete when the one accused has entered the house of another with intent to commit *any* felony." (Italics in original.) (*People v. Morlock* (1956) 46 Cal.2d 141, 146 [292 P.2d 897].) The gravamen of a charge of burglary is the act of entry itself, and "An entry may be made with intent to commit two or more felonies, but that would constitute only one burglary." (*People v. Hall* (1892) 94 Cal. 595. 597 [30 P. 7].)

---

[2] For example, *Scofield* involved a charge of violating former section 141 of the California Vehicle Act (now incorporated in division 10 of the Vehicle Code) which made it an offense for the driver of a vehicle involved in a collision with another vehicle or with a human being to fail either (1) to stop immediately, or (2) to give his name and address, or (3) to give the names and addresses of the passengers in his car, or (4) to give the registration number of his car, or (5) to render all necessary assistance, including the carrying of any injured persons to a physician for medical treatment. The statute declared that any person violating "any of the provisions of this section" was punishable as therein prescribed.

██ It follows that in prosecutions for burglary, as in murder and theft cases, the jurors need not be instructed that to return a verdict of guilty they must all agree on the specific "theory" of the entry — i.e., what particular felony or felonies the defendant intended at the time—provided they are told they must be unanimous in finding that a felonious entry took place.

██ Defendant next contends that with respect to Count V he was entitled to an instruction on attempted burglary. The point is without merit. The uncontradicted testimony of the victim established that before she frightened defendant away with her screams, one of his feet was on her windowsill and the other was poised in midair inside her room. ██ It is settled that a sufficient entry is made to warrant a conviction of burglary when any part of the body of the intruder is inside the premises. (*People* v. *Allison* (1927) 200 Cal. 404, 407-408 [253 P. 318] ; *People* v. *Massey* (1961) 196 Cal.App.2d 230, 236 [16 Cal.Rptr. 402].)

██ Defendant complains of the failure of his counsel to request an instruction to the effect that the testimony of a prosecuting witness in a trial for a sex offense should be examined with caution and that accusations of such nature are easy to make but difficult to disprove. Although defendant was not technically charged with sex offenses, proof of an intent to commit one or more of such offenses was essential to his convictions of burglary. The instruction should therefore have been given, on the court's own motion if necessary. In the circumstances of the case at bar, however, the error in failing to so instruct cannot be deemed prejudicial. (See *People* v. *Wein* (1958) 50 Cal.2d 383, 406 [326 P.2d 457].)

██ In a supplemental brief defendant contends that the trial court erred in failing to certify him for psychiatric examination to determine whether he was a mentally disordered sex offender, pursuant to Welfare and Institutions Code section 5501. Section 5500.5, however, excludes from the operation of the mentally disordered sex offender law "any person ineligible for probation under the Penal Code." As the judgment recites, defendant admitted two prior felony convictions in California; under Penal Code section 1203, such convictions rendered him ineligible for probation. The fact that the trial court nevertheless ordered a probation report, of course, is irrelevant: the final paragraph of Penal Code section 1203 authorizes such a report even when the defendant is ineligible for probation, "for an investigation of the facts relevant to sentence."

No infirmity appears in defendant's conviction on Count VI, kidnaping. Defendant contends that the statutory prohibition against double punishment[3] was violated when he was given separate sentences on that count and on Count II, the burglary during which the kidnaping took place. Since we here reverse each of the burglary counts, including Count II, this contention is moot because defendant remains under the single punishment imposed for his conviction on the kidnaping count.

In considering a retrial of Count II, however, the prosecutor will face a dilemma. The evidence on Counts II and VI established that the victim was sleeping in the same bedroom as her roommate, in adjacent twin beds, when she was awakened by her dog barking at the foot of her bed. Presently defendant entered, threatened her, and said, "Keep that dog quiet and get up and come into the other room. I want to talk to you." She rose and walked into the next room where, as related above, defendant exposed himself and fled after striking her when she began to scream. We recently restated the rule that Penal Code section 654 applies "where there is a course of conduct that violates more than one statute and comprises an indivisible transaction. The divisibility of a course of conduct depends upon the intent and objective of the defendant, and if all the offenses are incident to one objective the defendant may be punished for any one of them but not for more than one." (*People* v. *Ridley* (1965) 63 Cal.2d 671, 677-678 [47 Cal.Rptr. 796, 408 P.2d 124], citing *Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839], and *People* v. *McFarland* (1962) 58 Cal.2d 748, 760 et seq. [26 Cal.Rptr. 473, 376 P.2d 449].) Here, as in those cases, defendant's course of conduct after he first accosted his victim comprised an "indivisible transaction"; i.e., the technical kidnaping of his victim was intended merely to take her out of the presence of her roommate so that he could pursue his sexual purposes in the adjoining room without fear of interruption. Accordingly, both the kidnaping and the sexual misconduct were "incident to one objective," and double punishment therefor would be prohibited. (See *People* v. *Chessman* (1951) 38 Cal.2d 166, 193 [238 P.2d 1001]; *People* v. *Bynes* (1963) 223 Cal.App.2d 268, 272-273 [35 Cal.Rptr. 633].)

---

[3]Penal Code section 654 provides in relevant part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

On this same Count II, however, there is also evidence of a theft by defendant of $8.00 from his victim's wallet. There is no suggestion that the theft and the kidnaping were "incident to one objective"; on the contrary, it appears that the former took place sometime before the events giving rise to the latter. In these circumstances double punishment for theft and kidnaping would not be prohibited by section 654. But instead of simply accusing defendant of burglary with intent to commit theft, the prosecutor chose to charge the compound crime of burglary "with the intent . . . to commit a [sex] felony and theft." Since proof of *either* an intended sex felony *or* an intended theft would be adequate, under an information thus worded, to warrant a conviction of burglary (*People* v. *Hall* (1892) *supra,* 94 Cal. 595, 597-598), we cannot tell which theory the jury relied on in reaching their general verdict of guilty. The prosecutor should bear the foregoing considerations in mind in determining whether to retry defendant on Count II and, if so, on what theory.

The judgment is reversed on Counts I through V, and affirmed on Count VI.

Traynor, C. J., Peters, J., Tobriner, J., and Peek, J., concurred.

BURKE, J.—I dissent from the reversal of defendant's conviction on the charges of burglary.

There was no error in the instructions given as to the elements of the crime of burglary. The trial judge followed the wording of the statute. Error, if any, was in the failure of the court to amplify the code section to explain what was meant by the words, "any felony." However, even if such failure be deemed error it was not prejudicial and reversal of the conviction, in my opinion, is unwarranted.

Defendant's defense was alibi. By its verdict we may assume the jury did not believe such defense. In argument to the jury defendant's counsel had stated, "As in Count I, as in Count V, we do not argue to you that what was done by whoever was there did not constitute either burglary or kidnaping. I will agree 100% with what Mr. Johnson [the prosecutor] said. Whoever committed those acts was guilty of those offenses." The trial judge was thereby assured that the defendant raised no issue with respect to counts I and V that such conduct constituted violations of the law as charged. The sole issue was the identity of the offender.

On appeal, defendant asserts, for the first time, that the court erred in not instructing the jury in effect that if the illegal entry of defendant was one for the purpose of committing a misdemeanor sex offense his conduct did not constitute burglary. The majority opinion considers such failure prejudicial error and holds that the jury should have been advised "which acts the defendant, upon entry, may have intended to commit would amount to felonies." (*Ante,* p. 564.) The theory involved is that the facts, as to certain counts at least, might support a conclusion that defendant only intended to engage in indecent exposure or sex misdemeanors that would not constitute the entry a burglary.

In determining what instructions a trial court is required to give without request this court has said: ". . . the trial court cannot be required to anticipate every possible theory that may fit the facts of the case before it and instruct the jury accordingly. The judge need not fill in every time a litigant or his counsel fails to discover an abstruse but possible theory of the facts." (*People* v. *Wade,* 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116].) In *Wade,* as here, a new theory of defense was asserted for the first time on appeal.

It has also been stated in *People* v. *Kuykendall,* 134 Cal. App.2d 642, 646 [285 P.2d 996] : "It is true the general rule in a criminal case is that it is the duty of a trial judge to instruct the jury on its own motion, charging them fully and fairly on the law relating to the facts of the case, and it is not relieved of the duty to give such instructions merely because they are not requested. (*People* v. *Baker,* 42 Cal.2d 550, 576 [20] [268 P.2d 705].) However, there is an exception to this general rule that instructions defining the elements of an offense may be couched in the language of the code where no instructions in elaboration of the principles of statutory definitions are requested by defendant. (*People* v. *Reed,* 38 Cal.2d 423, 430 [1] [240 P.2d 590].)"

There was no such request in this case since the defense was alibi and the trial court was under no duty to anticipate the defense defendant now raises on appeal, particularly after defense counsel's statement conceding, as to counts I and V, that the charges of burglary and kidnaping were applicable to the facts presented. Accordingly, the omission of the trial court in failing to distinguish the acts committed by defendant that were felonious from those that were either misdemeanors or no violation whatever should not be deemed reversible error. The true test was not what acts actually

transpired but what were defendant's intentions upon entry. What transpired was relevant only for whatever light it might cast upon such intentions.

The evidence indicates that in two instances the defendant examined the victims' purses after entry and before accosting them; in the first, he took a wallet from the victim's purse and left it on the living room floor with her credit cards in disarray nearby—there had been no bills (money) in the wallet; in the second, $8.00 had been stolen from the victim's wallet which the defendant, apparently, later returned to his victim. The evidence taken as a whole shows a course of conduct which includes both theft and carnal desires.

The evidence as to counts I and IV showed that oral copulation, a felony, was defendant's purpose; the victims testified that he asserted this intention to them and threatened to kill them if they screamed. In one instance defendant flourished a knife, threatening his victim. In another he stated he had a knife and the victim felt a handle in his hand. In a third case he asserted he had a gun and was going to kill his victim but she saw no gun and screamed. In a scuffle he struck her in the abdomen with his fist. In two of the instances he placed his hand upon the private parts of his victims and exerted physical force in an attempt to carry out his intentions. In one case he asked the victim if she wanted him to have intercourse with her and when she said "no" he took her hand and used it for masturbation—at this time he had completely removed his trousers.

In the instance where defendant only got one foot in the window, after removing the screen, he wore only a T-shirt, shorts, and no trousers. The latter has some significance as to his intentions.

Such direct evidence tends to establish a "common plan or scheme" incompatible with a conclusion that defendant's entry of any of the several dwellings could have been attended with only an intent to commit acts classifiable as misdemeanors.

I am therefore of the opinion that it would not have been probable that a judgment more favorable to defendant would have resulted had the omission in instructions, if it be deemed error, not occurred. I would affirm the judgment pursuant to the mandate of section 4½, article VI, of the California Constitution, and the rationale of *People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].

I concur in that portion of the opinion affirming the conviction of defendant on the kidnaping charge.

McComb, J., concurred.

Respondent's petition for a rehearing was denied June 8, 1966. McComb, J., and Burke, J., were of the opinion that the petition should be granted.