[Crim. No. 3242.   Fourth Dist., Div. One.   Dec. 13, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES THOMAS WRIGHT, Defendant and Appellant.

Robert B. Shanner, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Elizabeth Miller and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Charles Thomas Wright appeals from a judgment following his conviction by a jury of possessing marijuana. (Health & Saf. Code, § 11530.)

About 11:15 p.m. July 3, 1967 two patrolling deputy sheriffs saw several vehicles clustered on private property in a high crime incidence area near The Bluffs at Dana Point, California. The cars were parked near the edge of a cliff overlooking the ocean. The officers stopped behind a Ford car containing four youths, lighting the area with the headlights and spotlights of the patrol unit.

While one officer checked other parked vehicles the other officer approached the Ford. The Ford's right rear passenger pushed the front seat of the car forward, jumped out and ran toward the cliff's edge. The officer pursued him fearing he was unaware of the drop off. The passenger stopped at the edge of the cliff and threw a package which opened and dispersed what looked like 10 to 15 fat, blunt, yellowish hand-rolled cigarettes. The officer escorted the passenger back to the Ford, ordered the other passengers out, including Wright who was in the right front seat, and had all of them sit on the ground behind the Ford. Smoke smelling like burning marijuana filled the Ford's interior. All four youths appeared nonalcoholically intoxicated, spoke slurredly, thought the situation was hilarious and had dilated pupils showing little or no reaction to light flashed in their eyes.

Through the Ford's window the officers saw three hand-rolled cigarettes on the right rear seat, similar to those thrown from the cliff. A sign ''No roaches in ashtray'' was taped over the ashtray. The youths were arrested and advised of their constitutional rights.

Darkness prevented the officers from retrieving the cigarettes thrown over the cliff. The following day, however, the officers found two cigarettes on the face of the cliff. These cigarettes, and those in the car, contained marijuana. Marijuana debris was found in Wright's clothing.

Wright's presence, intoxicated, in a marijuana-smoke-filled car, where marijuana cigarettes were found and from which marijuana cigarettes were discarded, supports the jury's conclusion Wright had exercised dominion and control over the marijuana with knowledge of its presence. The presence of marijuana debris in his clothing and his intoxication support the conclusion Wright knew the narcotic nature of the marijuana contraband. (*People* v. *Haynes*, 253 Cal.App.2d 1060, 1064 [61 Cal.Rptr. 859].)

█ Wright contends the court should have instructed the jurors that to find him guilty they all had to agree he possessed the three marijuana cigarettes found in the car, the two cigarettes found on the face of the cliff, or both. No such instruction was requested at the trial. The act of possession here was not fragmented as to time or space. The evidence showed all of the marijuana came from the car, some of it remained there and some was thrown over the cliff.

The issue is not whether Wright possessed each narcotic item found in the area, but whether Wright possessed a usable amount of marijuana at the time and place charged. This is not a case involving violation of a statute under which any one of several different acts is sufficient to constitute the offense. (See *People* v. *Scofield,* 203 Cal. 703, 709-711 [265 P. 914] ; *People* v. *Dutra,* 75 Cal.App.2d 311, 321-322 [171 P.2d 41] ; *People* v. *McMillan,* 45 Cal.App.2d Supp. 821, 829-830 [114 P.2d 440].) In *People* v. *Failla,* 64 Cal.2d 560, 567-569 [51 Cal.Rptr. 103, 414 P.2d 39], the Court held it was unnecessary to instruct a jury in a burglary case they must all agree on which specific felony the defendant intended at the time of his entry as it was sufficient if all agreed what he intended was a felony. We hold here it was not necessary to instruct the jury its members must all agree which specific items of narcotics Wright possessed so long as they all agreed at the time and place he possessed, separately, jointly or constructively, a usable amount of marijuana. The jury was correctly instructed in this regard.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.