[No. A033725. First Dist., Div. Five. Jan. 30, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
ELIZABETH ANN PERRYMAN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Parts I, III and IV are not published, because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

COUNSEL

Scott F. Kauffman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Karl S. Mayer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**LOW, P. J.**—Defendant Elizabeth Ann Perryman was convicted by a jury of being an accessory after the fact for her participation in codefendant Lena Williams's attempted robbery and deadly weapon assault upon Chong

Daniels. (Pen. Code, § 32.) She appeals alleging (1) evidentiary error and (2) instructional error. We affirm the judgment.

Chong Daniels was waiting at a Richmond bus stop when she was accosted from behind by Williams. Williams ordered Daniels: "Give me your purse." Daniels refused. Williams pulled a knife, held it against Daniels's neck and threatened to stab Daniels. Daniels could not describe the knife. When Daniels continued to refuse, Williams grabbed the purse strap and both women fell to the ground struggling. At some point, Williams cut the shoulder straps of the purse.

At this time, defendant drove up in a white Toyota, exited the car and told Daniels: "You just give her your purse. She's not going to hurt you." As Daniels pleaded to defendant for help, defendant placed her hand over the victim's mouth and repeated the previous order.

Later that afternoon, Contra Costa County Deputy Sheriff Kroll arrested defendant and Williams driving in the white Toyota. A routine search of defendant uncovered a "Swiss Army" knife in her purse.

Defendant testified that she just happened upon the two women fighting as she was en route to Williams's house. She stated that she approached the scene intending to stop the fight and did not intend to take Daniels's purse. Defendant denied making the statements attributed to her by the victim and testified she did not see a knife.

I*

· · · · · · · · · · · · · · · · · · ·

II

 Relying on *People* v. *Wesley* (1986) 177 Cal.App.3d 397, 401 [223 Cal.Rptr. 9], defendant contends the trial court erred in failing to instruct the jury that they must unanimously agree on the particular felony defendant knew was committed by the principal. We disagree.

Defendant asserts that the trial court should have, sua sponte, instructed in the language of CALJIC No. 17.01, which provides: "The defendant is charged with the offense of . . . . He may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of such acts, but in order to find the defendant guilty, all the jurors must agree that he

---

*See footnote *ante,* page 1546.

committed the same act or acts. It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict."

■ Where the verdict may be based on any one of a number of unlawful acts, the trial court must give, sua sponte, this instruction in order to assure defendant of his constitutional right to juror unanimity. (See *People* v. *Wesley, supra,* 177 Cal.App.3d at p. 401; *People* v. *Crawford* (1982) 131 Cal.App.3d 591, 596 [182 Cal.Rptr. 536].) But this instruction is not necessary when the offense is being prosecuted under different theories (*People* v. *Milan* (1973) 9 Cal.3d 185 [107 Cal.Rptr. 68, 507 P.2d 956] [first degree murder prosecuted under theories of premeditated murder or felony murder]; see also *People* v. *Failla* (1966) 64 Cal.2d 560 [51 Cal.Rptr. 103, 414 P.2d 39] [burglary prosecution based on underlying felonies of oral copulation or felonious assault]), nor when the charged offense is part of a single transaction or continuous course of conduct. (*People* v. *Thompson* (1984) 160 Cal.App.3d 220, 224 [206 Cal.Rptr. 516]; *People* v. *Crawford, supra,* at pp. 597-598.)

■ Here, codefendant Williams pleaded guilty to attempted robbery and assault with a deadly weapon. These crimes arose out of the single attack on Daniels, to which defendant was a witness. The offenses occurred at a single time and place and involved only one victim. (Compare *People* v. *McNeill* (1980) 112 Cal.App.3d 330 [169 Cal.Rptr. 313] [defendant was charged with assault with a deadly weapon in a single charge which could have been committed on any one of four victims].) To sustain defendant's conviction, there must be sufficient evidence to find that defendant intentionally harbored or helped codefendant Williams to escape apprehension knowing that she committed a felony. Since there was only one single transaction which formed the basis of the underlying felonies, there can be no doubt as to which crimes the jury relied upon in reaching its verdict. It is inconceivable that the jury somehow split the two underlying felonies for purposes of the instant offense.

■ The crime of accessory is separate and distinct from the underlying felony. The state of mind required for being an accessory after the fact excludes that intent and state of mind required to be a principal. (*People* v. *Prado* [(1977) 67 Cal.App.3d 267, 273 (136 Cal.Rptr. 521)]; 1 Witkin, Cal. Crimes (1985 Supp.) § 46, pp. 76-77.) The crime of accessory after the fact is complete when the accused assists the principal in escaping apprehension knowing that person has committed a felony. The number of the underlying felonies is not determinative of defendant's guilt. Even if the defendant knew the principal committed more than one crime in a single transaction, he may be charged with only one act of being an accessory after the fact.

 The duty to instruct with CALJIC No. 17.01 exists where the defendant is charged in one count with multiple offenses. (See *People* v. *Wesley, supra,* 177 Cal.App.3d at p. 401; *People* v. *Crawford, supra,* 131 Cal.App.3d at p. 596.) This ambiguity does not exist in the instant case. "[W]here the acts were substantially identical in nature, so that any juror believing one act took place would inexorably believe all acts took place, the instruction is not necessary to the jury's understanding of the case." (*People* v. *Crawford, supra,* at p. 599.) Defendant was charged with only one offense of accessory after the fact alleged to be committed in a single manner. As long as the jury found that defendant aided the principal with knowledge that she had committed some felony, that is sufficient to sustain the conviction. (See *People* v. *Milan, supra,* 9 Cal.3d at pp. 194-195.) Even if we were to assume half of the jurors agreed that defendant acted with knowledge of one felony and the other half agreed that defendant knew of a separate felony, the crime is complete since all jurors agreed that defendant knew the principal committed some felony, although not the same one. Under these circumstances, we find that the instruction would not have been proper and there was no error.

### III-IV*

. . . . . . . . . . . . . . . . . .

The judgment is affirmed.

King, J., concurred.

Haning, J., concurred in the result.

---

*See footnote, *ante,* page 1546.