[No. B016933. Second Dist., Div. Five. May 15, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LOUIS DAVIS, Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Therene Powell, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert F. Katz and Paul C. Ament, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—By jury trial appellant was convicted on six counts involving two victims. As to victim Karen J., appellant was convicted of (1) kidnapping to commit robbery (Pen. Code, § 209, subd. (b)); (2) simple kidnapping (Pen. Code, § 207), enhanced by a finding pursuant to Penal Code section 667.8 that the kidnapping was for the purpose of rape; (3) rape (Pen. Code, § 261, subd. (2)); and (4) robbery (Pen. Code, § 211). As to victim Melody T., appellant was convicted of (1) kidnapping to commit robbery (Pen. Code, § 209, subd. (b)) and (2) robbery (Pen. Code, § 211).

He was sentenced to two consecutive life terms on the two counts of kidnapping to commit robbery, plus eleven consecutive years, consisting of an upper term of eight years for rape and a three-year enhancement pursuant to section 667.8. Execution of sentence on the other three counts was stayed pursuant to Penal Code section 654.

Appellant raises additional issues under Penal Code section 654.

KAREN J.

As Karen J. was entering her van after shopping on the afternoon of January 7, 1985, appellant pushed his way into the van and took over the controls, telling her that he had a gun in his pocket and that he would shoot her if she screamed. After driving a short way, he demanded her money and she gave him $23 from her purse. Laying the money on the ashtray, appellant put his arm around the victim and told her to sit close to him like a girlfriend. He drove to an unpopulated area where he raped the victim in the back of the van. After the rape, he drove around some more until the van ran out of gas; he removed additional personal property from her purse, then ran.

Melody T.

After Melody T. was preparing to leave a supermarket parking lot on December 18, 1984, appellant forced his way into her car, telling her that he had a gun in his pocket. After he took over the controls of the car, he asked if she had a bank card. When she said she did, appellant said they were going to take money out of her account. She used her bank card to withdraw from an automated teller $120 which appellant took. After they got back in the car, appellant asked if she ever had sex with a Black man; when she begged him not to rape her, he replied she had a treat in store for her. However, when appellant stopped at a gas station because the gas gauge read empty, the victim escaped.

## Discussion

### Simple Kidnapping (Count II)

The Attorney General concedes appellant's contention that the same act of kidnapping was involved in both count I and count II, and that since simple kidnapping is a lesser included offense of kidnapping for the purpose of robbery, the conviction on count II should be reversed. (*People* v. *Bigelow* (1984) 37 Cal.3d 731, 755, fn. 14 [209 Cal.Rptr. 328, 691 P.2d 994]; *People* v. *DeLeon* (1982) 138 Cal.App.3d 602, 608-609 [188 Cal.Rptr. 63]; *People* v. *Toliver* (1969) 270 Cal.App.2d 492, 498 [75 Cal.Rptr. 819].)

### Penal Code Section 667.8 Enhancement

The Attorney General also concedes that execution of sentence on the three-year enhancement pursuant to Penal Code section 667.8, subdivision (a),[1] should be stayed pursuant to Penal Code section 654, because the enhancement is based on the same act of kidnapping for which appellant is being punished on count I under Penal Code section 209.

### Rape of Karen J. (Count III)

██ In light of the Attorney General's concessions, the only counts involving victim Karen J. for which appellant remains under punishment are count I (kidnapping for the purpose of robbery) and count III (rape).

---

[1]Penal Code section 667.8, subdivision (a), provides: "Except as provided in subdivision (b), any person convicted of a felony violation of Section 261, 264.1, 286, 288a, or 289 who, for the purpose of committing that sexual offense, kidnapped the victim in violation of Section 207, shall be punished by an additional term of three years."

Appellant nevertheless argues that execution of sentence on the rape count must also be stayed. There is no merit to this contention.

Since appellant was convicted of kidnapping for the purpose of robbery on count I, the trial court properly stayed execution of sentence on the robbery conviction, count IV. (*People* v. *Beamon* (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905].) Appellant argues that since another purpose of the kidnapping was rape, as indicated by the jury's finding pursuant to Penal Code section 667.8, then appellant likewise cannot be separately sentenced for the rape. Appellant's argument is erroneous and inconsistent with current law construing section 654.

*People* v. *Beamon, supra,* 8 Cal.3d 625, lays down the general rule: "This court has thus construed section 654 to be applicable to limit punishment for multiple convictions arising out of either an act or omission or a course of conduct deemed to be indivisible in time, in those instances wherein the accused entertained a principal objective to which other objectives, if any, were merely incidental. The initial inquiry in any section 654 application is to ascertain the defendant's objective and intent. If he entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (P. 639, fn. omitted; *People* v. *Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63].)

In this case appellant entertained multiple criminal objectives, to rob and to rape. Even if the kidnapping was common to both, rape and robbery were in no way merely incidental to each other, and appellant may properly be punished for rape and for kidnapping for the purpose of robbery. (*People* v. *Stephenson* (1974) 10 Cal.3d 652, 661 [111 Cal.Rptr. 556, 517 P.2d 820]; *People* v. *Gomez* (1967) 252 Cal.App.2d 844, 860 [60 Cal.Rptr. 881].)

The purpose of the protection against multiple punishment is to insure that the defendant's punishment is commensurate with his criminal culpability. (*People* v. *Perez, supra,* 23 Cal.3d at pp. 551-552, fn. 4.) A defendant who rapes his kidnap-robbery victim in addition to robbing her is substantially more culpable than one who only robs. The fallacy of appellant's interpretation is strikingly illustrated in this very case. Under very similar circumstances, appellant threatened Melody T. with rape, but she fortunately escaped. Karen J. was not so fortunate. Appellant raped her in addition to robbing her. Yet, according to appellant's theory, he can receive

no additional punishment for his additional crime against Karen J. That is not the law, and the cases cited by appellant do not support such an anomalous result.

In *People* v. *Laster* (1971) 18 Cal.App.3d 381, 394-395 [96 Cal.Rptr. 108], and *People* v. *Panky* (1978) 82 Cal.App.3d 772, 783-784 [147 Cal.Rptr. 341], the courts *upheld* multiple punishment, for robbery and for rape. The *lesser* sentence for *simple* kidnapping (Pen. Code, § 207) was stayed. In *People* v. *Langdon* (1959) 52 Cal.2d 425, 435 [341 P.2d 303], the rape supplied the element of bodily injury which was required for the death penalty as Penal Code section 209 then read. That is why the court said the robbery and sex crime were "essential parts" of the violation of section 209 "under the circumstances here." Another case cited by appellant, *People* v. *Wein* (1977) 69 Cal.App.3d 79, 94 [137 Cal.Rptr. 814], did not involve kidnapping but burglary. The court there held that the robbery and forcible oral copulation sentences should be stayed pending service of sentence on the burglary. *Wein* is distinguishable because burglary involves entry with intent to commit a felony *or* theft, and a general burglary verdict often does not resolve which intent the defendant had. (See *People* v. *Failla* (1966) 64 Cal.2d 560, 570-571 [51 Cal.Rptr. 103, 414 P.2d 39]; *People* v. *Failla* (1967) 256 Cal.App.2d 869, 875-876 [ 65 Cal.Rptr. 115] [after retrial].) The verdicts in the instant case, however, establish that appellant had two independent criminal objectives.

Finally, appellant relies most strongly on *People* v. *Sheppard* (1967) 250 Cal.App.2d 736, 740 [58 Cal.Rptr. 814]. As in the instant case, the defendant in *Sheppard* accosted a woman at her automobile, threatened her with a weapon, and drove the car to an isolated place where he raped and robbed her. The defendant was convicted of (1) kidnapping for the purpose of robbery; (2) robbery; (3) rape; (4) grand theft; and (5) assault with a deadly weapon. The court held that all of the sentences except kidnapping for the purpose of robbery should have been stayed.[2] To the extent that *Sheppard* is indistiguishable on its facts, we decline to follow it. *Sheppard* cited no authority other than Penal Code section 654 itself, and, in lumping the rape together with the other counts as "a single episode," failed to give consideration to rape as an independent criminal objective. (*People* v. *Stephenson, supra,* 10 Cal.3d at p. 661; *People* v. *Gomez, supra,* 252 Cal.App.2d at p. 860.) In this respect *Sheppard* is not consistent with the modern rule that "if [the defendant] entertained multiple criminal objectives which were inde-

---

[2]The entire discussion of the point in *Sheppard* was this: "Defendant was not only convicted on all five counts but was sentenced on all five. But, since all five crimes were clearly part of a single episode, only one sentence could lawfully be imposed (Pen. Code, § 654), and, under section 669 of the Penal Code, that sentence must be the life sentence provided by section 209." (*People* v. *Sheppard, supra,* 250 Cal.App.2d at p. 740.)

pendent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were part of an otherwise indivisible course of conduct." (*People* v. *Beamon, supra,* 8 Cal.3d at p. 639.)

## DISPOSITION

The judgment of conviction on count II (Pen. Code, § 207) is reversed. The judgment is modified to provide that execution of sentence on the three-year enhancement pursuant to Penal Code section 667.8 is stayed, the stay to become permanent on completion of service of sentence on counts I, III and V, and in all other respects the judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied June 11, 1987, and appellant's petition for review by the Supreme Court was denied September 3, 1987.