KENNARD, J., Concurring.
I concur in the judgment affirming defendant’s conviction of second degree burglary (Pen. Code, § 459), which was tried on the theory that he entered a store with the intent to commit a felony offense, falsely impersonating another for gain (Pen. Code, § 529, par. 3).[1] Together with his companion, Cherise Hartley, defendant went to a supermarket, where he attempted to pass himself off to store personnel as one Chris Laughrey, the father of Hartley’s child, in order to cash a check made out to, and endorsed with the name, Chris Laughrey.
As relevant here, the crime of burglary entails entering a store with the specific intent to commit therein “any felony.” (§ 459.) A trial court in instructing on burglary must advise the jury “which acts the defendant, upon entry, may have intended to commit [that] would amount to [a] felon[y].” (People v. Failla (1966) 64 Cal.2d 560, 564 [51 Cal.Rptr. 103, 414 P.2d 39], italics added.) Here, the trial court instructed the jury that to convict defendant of burglary it had to find that “[a]t the time of entry, . . . [he] had the specific intent to commit the crime ... of false personage of another.” The court further instructed that “[e]very person who falsely personates another, and does an act which, had it been done by the person falsely personated, might have subjected that person to either a suit or prosecution, or some kind of debt or fine; or which benefitted the defendant or any other person in some way, is guilty of a felony.”[2] These jury instructions accurately defined the felonious acts of false personation underlying the charge of burglary.
*211 Assuming as the majority and concurring opinions apparently do, that a trial court instructing a jury on burglary must also instruct on the mental states associated with the felonious acts underlying the burglary charge, defendant here suffered no possible prejudice from the trial court’s failure to specifically instruct on the mental elements of false personation. In convicting defendant of burglary under the instructions given, the jury necessarily found that when he entered the supermarket, he actually intended to “falsely personated another” and “do[] an act” that might burden the person falsely personated or benefit himself or some other person in violation of section 529, paragraph 3. Actual intent is the mental state requirement most favorable to criminal defendants. (See § 20; In re Jorge M. (2000) 23 Cal.4th 866, 891 [98 Cal.Rptr.2d 466, 4 P.3d 297] (dis. opn. of Kennard, J.).) Defendant’s own testimony amply supported the jury’s finding that he acted with such actual intent: he admitted that in going to the store with the check at Hartley’s behest, his intent was to pass himself off as Chris Laughrey in order to “cash the check to help [Cherise Hartley] out.”
I agree with my colleagues that in intending to commit the crime of false personation, defendant did not have to actually know or intend that the benefit likely to accrue to himself or another would be “wrongful,” that is, a benefit to which neither had a legal right. Even if the statute required that the benefit actually be wrongful, whether or not so intended, that factual requirement of wrongfulness was amply satisfied here. The check defendant unsuccessfully tried to cash was later determined to be a forgery, written on a closed, business account.[3] Therefore, defendant’s false portrayal of Chris Laughrey, if successful, stood to benefit defendant himself or Cherise Hartley, neither of whom had any lawful or legal claim to the proceeds of the bad check. Given this evidence, “no jury could reasonably find” that the benefit would not have been wrongful. (Neder v. United States (1999) 527 U.S. 1, 16 [119 S.Ct. 1827, 1837, 144 L.Ed.2d 35].) Thus, any error in the trial court’s failure to instruct on wrongfulness was necessarily harmless. {Ibid.)
For these reasons, I join in reversing the Court of Appeal.

All further undesignated statutory references are to the Penal Code.

As relevant here, section 529 defines the crime of false personage as follows: “Every person who falsely personates another in either his private or official capacity, and in such *211 assumed character . . . : [¶] . . . [¶] 3. Does any other act whereby, if done by the person falsely personated, he might, in any event, become liable to any suit or prosecution, or to pay any sum of money, or to incur any charge, forfeiture, or penalty, or whereby any benefit might accrue to the party personating, or to any other person; [H] Is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment.” (Id., par. 3.)

The jury acquitted defendant of a forgery charge, thus concluding the prosecution failed to prove he committed that offense.