Filed 10/18/13  P. v. Malanche CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F065646 |
| Plaintiff and Respondent, | (Super. Ct. No. F09900010) |
| v. | |
| JOSE CASILLAS MALANCHE, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Hilary A. Chittick, Judge.

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Kane, J., and Poochigian, J.

## INTRODUCTION

Appellant, Jose Casillas Malanche, was convicted after a jury trial of rape (Pen. Code,[1] § 261, subd. (a)(2); count 1), sodomy (§ 286, subd. (c)(2); count 2), and sexual penetration (§ 289, subd. (a)(1); count 3). The jury also found that appellant personally inflicted great bodily injury on the victim in the commission of each offense. (§ 12022.8, former § 667.61, subd. (b).)[2] This court filed an opinion in appellant's first appeal, case No. F060845, on March 2, 2012. We affirmed appellant's convictions, found sentencing error, and remanded the case for the trial court to exercise its discretion to sentence appellant to concurrent or consecutive sentences on each count.

The trial court conducted a new sentencing hearing on August 20, 2012. The court found appellant's conduct in committing the offenses to be egregious and imposed a sentence of 15 years to life on count 1 and consecutive sentences in counts 2 and 3 of 15 years to life, for a total sentence of 45 years to life. The court stayed the great bodily injury enhancements found true as to each count.[3] The court imposed a $10,000

---

[1]    Subsequent statutory references are to the Penal Code unless otherwise noted.

[2]    A former version of section 667.61 was in effect at the time of the commission of the crimes. (Stats. 2006, ch. 337, § 33, eff. Sept. 20, 2006, amended by Initiative Measure (Prop. 83, § 12, approved Nov. 7, 2006, eff. Nov. 8, 2006).)

[3]    Appellant was originally sentenced under the determinate sentencing law on counts 2 and 3 and in that sentence, the court imposed five-year sentences on the great bodily injury enhancement alleged for each count. Under his new sentence, however, appellant was sentenced under the one strike law to consecutive sentences of 15 years to life on counts 2 and 3. The basis for imposing the alternative sentencing scheme under the one strike law was that appellant had inflicted great bodily injury on the victim during the commission of his sex offenses pursuant to section 667.61, subdivisions (b), (c), and (e)(3) as it was then enacted. Because the court's new sentence was under the one strike law and the basis for sentencing under that law was the victim's great bodily injury, the court properly stayed sentences on the section 12022.8 great bodily injury enhancements based on the identical criminal conduct pursuant to section 654. (See *People v. Arndt* (1999) 76 Cal.App.4th 387, 396-397 [section 654 does not preclude imposition of punishment for injuries to multiple victims by one act, but trial court erred in imposing

restitution fine.  Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.  By letter on February 21, 2013, we invited appellant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

---

punishment for more than one enhancement for injuries to the same victim]; *People v. Davis* (1987) 191 Cal.App.3d 1365, 1368 [kidnapping enhancement pursuant to section 667.8 properly stayed where it was based on same conduct as conviction for kidnapping under section 209].)