Filed 6/27/16  P. v. Anunson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079221 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F2194) |
| v. | |
| KIRSTEN FAITH ANUNSON, | |
| Defendant and Appellant. | |

Defendant Kirsten Faith Anunson appeals from the trial court's denial of her petition for resentencing pursuant to Penal Code section 1170.18.[1]  She contends that her second degree burglary conviction (§ 459) qualified for resentencing because her criminal conduct constitutes the newly enacted crime of shoplifting (§ 459.5).  The People assert defendant was charged with burglary not only based on her intent to commit larceny, but also based on her intent to commit identity theft in violation of section 530.5, and that the crime she committed was not shoplifting.  Defendant was

---

[1] Undesignated statutory references are to the Penal Code.

1

charged with burglary based on her intent to commit "larceny and any felony." This is the crime to which she pleaded no contest. Under these facts, we conclude defendant is "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense." (§ 1170.18.) We reverse.

## I. BACKGROUND

Defendant was charged with second degree burglary (§ 459), forgery (§ 475, subd. (c)), and identity theft (§ 530.5). She pleaded no contest to second degree burglary.

The factual basis of defendant's plea was taken from the police report, which was summarized in the probation report as follows:

"On 09/15/10, at approximately 1:52 PM, the U.S. Bank Burney Branch Manager[] contacted the Shasta County Sheriff's Office. The manager stated two checks had been cashed at the Burney branch, belonging to victim Karl Wirth. The victim's checks were reportedly taken from his locked trailer near Tamarack Avenue in Burney. The branch manager stated the defendant, Kirsten Faith Anunson, cashed check No. 836 on 9/04/10[] for $187.00. On the bottom of the check it stated it was for the purchase of firewood. The transaction was accomplished via a U.S. Bank Automatic Teller Machine (ATM)."

In January 2012, the trial court placed defendant on three years' formal probation. In August 2014, after several probation violations and reinstatements, the trial court terminated probation. Sentencing defendant on this and unrelated cases, the trial court imposed a split term consisting of one year in county jail and three years eight months of mandatory supervision.

In March 2015, defendant subsequently filed a section 1170.18 petition for resentencing on her second degree burglary conviction. In denying the petition, the trial court found: "this particular second degree burglary at a bank, would be entering a commercial establishment, a banking establishment, with the intent to commit more than

2

type [*sic*] of larceny, which would include identity theft, which is not within the statute itself."

## II. DISCUSSION

Defendant contends that her conduct in the burglary offense satisfies the elements of the newly created crime of shoplifting (§ 459.5), a misdemeanor, entitling her to redesignation of her conviction to that offense and to resentencing. For the reasons we explain below, we agree.

In November 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act (the Act). The Act added section 1170.18, which provides that any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

As pertinent to this case, the Act added section 459.5, which establishes the offense of shoplifting, a misdemeanor, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a); see *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) This crime displaces the crime of burglary for those thefts within the $950 amount specified in the statute. (§ 459.5, subd. (a).) As relevant here, burglary is defined as: entry into a "building . . . with intent to commit grand or petit larceny or any felony." (§ 459.)

Defendant notes that U.S. Bank is a commercial enterprise and the amount taken was less than $950. She asserts that her conduct comes within the statutory definition of theft by larceny, the felonious stealing, taking, carrying, leading, or driving away the

property of another. (§ 484, subd. (a); see *People v. Parson* (2008) 44 Cal.4th 332, 354 [theft by false pretenses supports a burglary conviction].) From this, defendant concludes her conduct satisfies the elements of section 459.5, entitling her to relief.

The Attorney General argues that defendant intended to commit the crime of identity theft, which is not one of the offenses subject to resentencing under section 1170.18. (See § 1170.18, subd. (a).) This argument comes from how section 1170.18 operates and the nature of burglary. As previously noted, a defendant is eligible for section 1170.18 resentencing if his or her conviction would not be a felony had the Act been in effect at the time of the offense. Burglary is entry into a premises with the intent to commit another offense, either a larceny or some other felony. Thus, a single burglary may be based on more than one felonious intent. " 'An entry may be made with intent to commit two or more felonies, but that would constitute only one burglary.' [Citation.]" (*People v. Failla* (1966) 64 Cal.2d 560, 568.) Identity theft is a wobbler that was not reduced to a misdemeanor by Proposition 47. (§§ 1170.18, subd. (a), 530.5.) The question then becomes what the voters intended when a defendant has a burglary conviction that was based on larceny, but the conviction could theoretically have been supported by an intent to commit identity theft based on the same underlying facts.

We begin by noting that the definition of larceny contained in the Penal Code is expansive and encompasses the fraudulent presentation of a check belonging to someone else. Larceny or theft is defined very broadly. (See § 490a ["Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor"].) Section 484, subdivision (a) defines theft to include "knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money." This definition is broad and encompasses fraudulent presentation of a check belonging to someone else to obtain money. Thus, the People's argument that the crime defendant committed "was not a shoplifting offense within the meaning of section

4

459.5" is incorrect. Defendant pleaded no contest to the intent to commit larceny, and that admitted intent is broad enough to cover her conduct evidenced by the records of the burglary count.

The language of the Act likewise suggests that, as other courts have held in similar circumstances, the admitted intent to commit larceny controls over any secondary intent to commit identity theft. (See *People v. Garrett* (June 15, 2016, H041927) ___ Cal.App.4th __ [2016 Cal. App. Lexis 472][pp. 8-9].) Section 459.5, subdivision (b) provides that: "No person who is charged with shoplifting may also be charged with burglary or theft of the same property." An identity theft conviction requires that a person's identifying information be used "for any unlawful purpose, including to obtain, credit, goods, services, real property, or medical information without the consent of that person." (§ 530.5, subd. (a).) Thus, under these facts, both the larceny and the dismissed charge of identity theft involved an effort to obtain the same property. Accordingly, section 459.5, subdivision (b) requires this crime be treated as shoplifting and not burglary. (See *People v. Garrett, supra,* [at pp. 8-9] ["[E]ven assuming defendant intended to commit felony identity theft, he could not have been charged with burglary under Penal Code section 459 if the same act—entering a store with the intent to purchase merchandise with a stolen credit card—also constituted shoplifting under Section 459.5"].)

In these circumstances, we conclude the fact that a dismissed identity theft offense could have supported a secondary felony intent does not render defendant'sl conviction ineligible for reduction under Proposition 47. Put differently, because defendant was charged with and pleaded guilty to entering the bank "with the intent to commit larceny" and no reference was made to any specific felony other than larceny, defendant was entitled to be resentenced under section 459.5.

5

### III. DISPOSITION

The trial court's order concluding defendant's conviction for second degree burglary is ineligible for resentencing is reversed and the matter remanded for consideration of whether to resentence defendant under the remaining provisions of the Act.

/S/

————————————————
RENNER, J.

We concur:

/S/

————————————————
RAYE, P. J.

/S/

————————————————
NICHOLSON, J.

6